Pleading and practice; voluntary dismissal with prejudice; suit for tax refund. — On April 25, 1980 the court entered the following order:
*766 Before Friedman, Chief Judge, and Kunzig, Judge.
This tax refund suit is before the court on plaintiffs motion voluntarily to dismiss without prejudice and the defendant’s motion to dismiss with prejudice. We grant the defendant’s motion.
The plaintiff is exempt from federal income tax pursuant to section 501(a) of the Internal Revenue Code of 1954. Upon audit of plaintiffs income tax information return for the fiscal year ended June 30, 1974, the District Director concluded that the income the plaintiff earned on the travel program it conducted for its members constituted unrelated business income subject to tax under section 511 of the Code. In October 1977 the plaintiff paid taxes of $639 on this income in accordance with that determination. In December 1977, plaintiff filed a claim for refund of that tax. The Commissioner did not act upon this claim, and in October 1978, more than 6 months after the claim was filed, the plaintiff filed the present refund suit.
After the government filed its answer in January 1979, pretrial proceedings began. The plaintiff unsuccessfully attempted to have the case decided on the basis of a proposed stipulation of facts. The defendant then served detailed interrogatories upon the plaintiff. Contending that the interrogatories were burdensome and unnecessary, in December 1979 the plaintiff filed a motion for a protective order to eliminate or substantially limit the interrogatories. In January 1980, the trial judge modified the interrogatories in certain respects, and in February he ordered the plaintiff to answer the interrogatories within 20 days unless within that period it moved to dismiss.
In response, the plaintiff has moved to dismiss its petition voluntarily. The government opposes this motion and filed a cross-motion for dismissal with prejudice. Plaintiff states that if the court does not dismiss the petition without prejudice, "it has no objection to the granting of defendant’s motion for dismissal with prejudice.”
In support of its request for dismissal without prejudice, plaintiff contends that the discovery the defendant seeks is "out of proportion with the simple nature of the litigation,” which involved only $639. Plaintiff states that although it "has no present intention to refile this action,” it "wishes to *767 preserve its right” to do so if in another suit filed in this court it were determined that the income from a similar travel program is not unrelated business income. The defendant replies that since the Commissioner had not yet acted upon plaintiffs claim for refund and since the statute of limitations does not begin to run until he does so, the plaintiffs motion to dismiss without prejudice is in effect "a motion for an unlimited enlargement of time within which to prepare itself for litigation of its refund claim”; that defendant has "invested time and money” in preparing the case, which it might have to duplicate if plaintiff refiles the case; and that "[i]f plaintiff wants its case tried, there is no reason not to do so now; if it does not, there is no reason for it not to dismiss with prejudice.” Defendant further contends that since the issue in the case is factual, the interrogatories are necessary.
Rule 102(a) of our Rules provides that a voluntary dismissal will be without prejudice only if (1) the plaintiff files a notice of dismissal before the answer is filed, (2) the adverse party signs a stipulation of dismissal or (3) endorses "no objection” to a motion to dismiss. None of these conditions is met here. In all other situations, the rule provides that a voluntary dismissal may be had only "upon order of the court and upon such terms and conditions as the court deems proper.” In this case we think it proper that the dismissal be with prejudice.
When the plaintiff decided to file this suit for $639— which apparently is a test case — it must have been aware that the government might serve interrogatories upon it. The trial judge to whom this case is assigned considered plaintiffs objections to the interrogatories when he ruled upon and rejected most of plaintiffs requests for a protective order. The government has devoted considerable time and effort to preparing the case and formulating its interrogatories, and it may cause the government expense and inconvenience if the case now were put in possible limbo. Plaintiff has not given any convincing reason why it should retain the right to reinstate this case at some future date if another litigant prevails on the issue before us.
The petition is dismissed with prejudice.