This excise tax refund suit is before us on plaintiffs motion to dismiss pursuant to Rule 102(a) and defendant’s cross-motion to dismiss with prejudice.
Plaintiff filed the original petition in this case more than 3 years ago, in December 1977. In April 1980, a 2-day trial was conducted in Seattle, Washington. Be order dated September 25, 1980, the trial judge directed that plaintiffs requested findings of fact and brief be submitted by October 24, 1980. Instead of submitting the required documents, plaintiff filed a motion to dismiss on October 17, 1980, which neither stated any reasons for dismissal nor requested that dismissal be without prejudice.
In urging that the dismissal be with prejudice, the government states that "considering the time and expense that has been incurred in litigating the case, plaintiffs failure to prosecute to its conclusion warrants dismissal with prejudice” and that "[t]o allow the petition to be withdrawn without prejudice would not promote the just, speedy, and inexpensive determination of this action as required by Rule 1.” Furthermore, the government contends that because the Internal Revenue Service has not denied plaintiffs claim for refund, "the statute of limitations has not begun to run” so that a dismissal without prejudice would permit plaintiff to relitigate the issues in the present suit.
Rule 102(a)(1) provides for voluntary dismissal without a court order "only if (1) the plaintiff files a notice of dismissal before the answer is filed, (2) the adverse party signs a stipulation of dismissal or (3) [the adverse party] endorses 'no objection’ to the motion to dismiss.” Alumni Association of the University of North Carolina at Greensboro, Inc. v. United States, 223 Ct.Cl. 765 (1980). Because none of these conditions are met, voluntary dismissal can only be by order of the court under Rule 102(a)(2) "upon such terms and conditions as the court deems proper.”
The government has devoted considerable time and effort to the preparation of this case, and the case has been tried. The plaintiff has not offered any explanation for requesting dismissal; indeed, it has not even requested that the *584 dismissal be without prejudice. In the circumstances we conclude, as we did on similar facts in Alumni Association, supra, that the dismissal should be with prejudice.
The petition is dismissed with prejudice.