**Hamilton FISH and Alice Fish**

v.

**The UNITED STATES.**

**No. 601–82T.**

United States Claims Court.

July 29, 1983.

David Sachs, New York City, for plaintiffs.

Israel D. Shetreat, with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ORDER

YOCK, Judge.

This case comes before the Court on plaintiff's motion to dismiss without prejudice and defendant's cross-motion to dismiss with prejudice pursuant to RUSCC 41(a)(2).

Plaintiffs brought this action in the United States Claims Court on November 22, 1982, seeking a refund of taxes paid on December 28, 1981, to satisfy an Internal Revenue Service (IRS) assessment. They asserted the assessment was erroneous because, when auditing plaintiffs' joint return for the period ending December 31, 1976, the Commissioner improperly included dividends as income which the plaintiffs had received on October 29 and December 16, 1976, but which plaintiffs had returned to the corporation, on June 10, 1977. The dividends were returned pursuant to a board of directors resolution demanding said return on the basis that the original declaration had been "improper and unintentionally paid." The defendant filed its answer on January 18, 1983, and denied that the tax was erroneously or illegally assessed.

RUSCC 41(a)(2) provides:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper * * *. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

■ The defendant's reliance on the Court of Claims decision in *The Alumni Association of the University of North Carolina in Greensboro, Inc. v. United States*, 650 F.2d 287, 223 Ct.Cl. 765 (1980), as authority for his cross-motion is misplaced. Factually, the decision in *The Alumni Association* is clearly distinguishable from the instant case. There, the plaintiff informed the Court that it would have no objection to the granting of the defendant's motion to dismiss with prejudice if the Court did not dismiss without prejudice. *The Alumni Association, supra,* 650 F.2d 287, 223 Ct.Cl. at 766. Here, the plaintiff has indicated no such willingness to accept a dismissal with prejudice in the event this Court denies the motion.

■ Further, the procedural posture in *The Alumni Association* had progressed far beyond the mere filing of a complaint and answer. There, the court found that the Government had devoted considerable time and effort to preparing the case and formulating its interrogatories. Also, the trial judge had expended time ruling on discovery motions and plaintiff's requests for protective orders. 650 F.2d 287, 223 Ct.Cl.

at 767. In the instant case, however, notwithstanding the Government's assertion that it "has invested time and money in this action," the Government's alleged expenditure appears considerably less than in *The Alumni Association*.

■ Traditionally, Rule 41(a)(2) has been interpreted to allow a dismissal without prejudice "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The mere fact that the plaintiff may obtain some tactical advantage is no bar to the granting of a dismissal without prejudice. *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967). Here, the defendant's expressed concern is that the plaintiffs may refile this action, jointly or individually, following the resolution of the marital controversy. However, this concern is insufficient, absent a showing of plain prejudice, to convince this Court to grant the defendant's motion to dismiss with prejudice.

Accordingly, plaintiff's motion is granted and the Clerk will dismiss the complaint without prejudice, and defendant's cross-motion is denied.

IT IS SO ORDERED.