**DEUTERIUM
CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

v.

**EIC LABORATORIES, INC.,
Third–Party Defendant.**

No. 425–82 C.

United States Claims Court.

Aug. 14, 1990.

David M. Singer, Greenwich, Conn., for plaintiff.

Oscar A. Towler, III, Washington, D.C., Asst. Atty. Gen. Stuart M. Gerson, for defendant.

Charles C. Winchester, Boston, Mass., for third-party defendant.

## OPINION

RADER, Judge.

On July 24, 1990, plaintiff, Deuterium Corporation, filed a motion to withdraw voluntarily all counts of its complaint not already dismissed by this court. RUSCC 41(a)(2). Plaintiff also requested to proceed *in forma pauperis* in appealing this court's prior dismissal of two counts of the complaint. Fed.R.App. P. 24. Defendant has opposed plaintiff's motion as well as the request to proceed *in forma pauperis*. Moreover, defendant has asked this court to impose sanctions against plaintiff pursuant to RUSCC 11.

After reviewing the thorough written submissions of both parties, this court grants with prejudice plaintiff's motion to withdraw and denies plaintiff's request to proceed *in forma pauperis* on appeal. The court also denies defendant's request for Rule 11 sanctions.

## BACKGROUND

On August 26, 1982, plaintiff instituted this action against the United States and EIC Laboratories, Inc. Approximately one year later, plaintiff amended its complaint to include several other counts. The complaint as amended contains four principal counts. In Count One, plaintiff alleged infringement of United States Patent No. 4,123,506 (the '506 patent). In Count Two, plaintiff alleged a fifth amendment taking. In Count Three and Count Four, plaintiff alleged breaches of implied and express contracts.[1]

In Count One—the patent infringement count—plaintiff alleged two unauthorized uses. First, plaintiff contended that the Government infringed the '506 patent while generating electricity with purified steam

---

1. All other aspects of plaintiff's complaint involve issues that are subsidiary to these four principal counts.

during a 120–hour test period in 1978. Second, plaintiff asserted that Pacific Gas and Electric (PG & E), EIC's subcontractor, infringed the patent by using steam to heat liquid reactants inside a pilot plant. This court has rejected both of plaintiff's infringement allegations by granting defendant summary judgment on two separate occasions. *Deuterium Corp. v. United States*, 19 Cl.Ct. 624 (1990); *Deuterium Corp. v. United States*, 16 Cl.Ct. 454 (1989).[2] In a telephone status conference held by this court on July 12, 1990, both parties acknowledged that the court's two decisions dispose entirely of Count One.

On July 24, 1990, plaintiff moved to withdraw its remaining counts.[3] Plaintiff also asked to proceed *in forma pauperis* on appeal of the Count One dismissal. In support of its motion, plaintiff claims that it has insufficient funds to pursue the litigation properly.

Defendant opposes plaintiff's motion. Defendant seeks instead dismissal with prejudice. Defendant fears prejudice to the Government if this court dismisses without prejudice and plaintiff later refiles. Plaintiff has represented, however, that it will not litigate further unless an appeal, if taken, reverses this court's judgment on Count One.

## DISCUSSION

### Motion to Withdraw

RUSCC 41 authorizes this court to dismiss a complaint upon plaintiff's voluntary request. In pertinent part, Rule 41 provides:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

RUSCC 41(a)(2).

▇ The language of Rule 41 makes two points about the court's role in grant-

ing voluntary dismissal. First, the court has considerable latitude and discretion. The court may set conditions on dismissal "as it deems proper." Second, dismissal without prejudice is the norm rather than the exception. A court can respect this norm and still exercise considerable discretion by offering reasonable grounds when dismissing an action with prejudice. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33, 82 S.Ct. 1386, 1388–90, 8 L.Ed.2d 734 (1962); *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 367–68 (5th Cir.1967).

▇ No precise formula governs dismissals with prejudice. The decision largely hinges on the equities of the case, with due regard for the interests of both parties. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947); *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir.1976). The grounds for dismissing with prejudice, however, fall generally into three broad categories: the burden on defendant of dismissal without prejudice, the progress of the litigation, and the diligence and good faith of the plaintiff.

### Burden on Defendant

▇ Federal courts often grant a motion to withdraw with prejudice where defendant has incurred great time and expense in preparing for trial. *Alumni Ass'n of Univ. of North Carolina, Inc. v. United States*, 650 F.2d 287, 223 Ct.Cl. 765 (1980); *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir.1986); *Ferguson v. Eakle*, 492 F.2d 26 (3rd Cir.1974); *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir.1969); *see also, Thomas v. Amerada Hess Corp.*, 393 F.Supp. 58 (M.D.Pa.1975); *Selas Corp. of America v. Wilshire Oil Co.*, 57 F.R.D. 3 (E.D.Pa.1972). Dismissal with prejudice is particularly appropriate where plaintiff moves to withdraw during the pendency of a summary judgment motion filed by de-

---

**2.** This court has denied motions by plaintiff to reconsider both opinions, Opinion, No. 425–82 C, filed July 14, 1989 (unpublished); Opinion, No. 425–82 C, filed July 9, 1990 (unpublished).

**3.** In the alternative, plaintiff seeks to amend its complaint pursuant to RUSCC 15 by striking references to the counts not yet dismissed by this court.

fendant. *See Pace,* 409 F.2d 331; *Thomas,* 393 F.Supp. 58; *Woolgar v. La Coste,* 69 F.Supp. 571 (W.D.La.1947); *Love v. Silas Mason Co.,* 66 F.Supp. 753 (W.D.La.1946).

■ Here, dismissal with prejudice is appropriate because of the enormous amount of time and money defendant has spent in preparation for trial. Defendant already has conducted extensive discovery for a trial which is scheduled to begin in less than two months. In 1983, defendant engaged in the production of documents and fought an extensive battle over protective orders for certain evidence. In 1984, defendant complied with plaintiff's interrogatory and other discovery requests. Defendant also engaged in another heated discovery battle over the privileged nature of certain requested material. In 1989 and 1990, defendant engaged in disputes over production of documents, culminating in an *in camera* inspection by this court.

Defendant also has expended substantial time and effort to narrow the substantive legal issues for trial. For about eight years, this case has produced a flurry of motions and countermotions. Defendant has vigorously protected its interests at great expense over this prolonged period.

At the time plaintiff moved to withdraw, defendant had pending a dispositive summary judgment motion. In November 1983, defendant filed a motion for summary judgment to dismiss the entire case. Defendant similarly filed a motion for partial summary judgment in August 1989.

Thus, defendant has both incurred great expense and subjected plaintiff to a pending summary judgment motion. Moreover, after eight years of litigation, plaintiff has moved to withdraw on the eve of trial. Exposing defendant to the uncertainty of renewed litigation after eight years of preparation is a burden which it should not have to bear.

*Progress of Litigation*

■ Dismissal with prejudice is appropriate where there have been extensive proceedings with a trial clearly in sight. *Ferguson,* 492 F.2d 26; *Rollison v. Washington Nat'l Ins. Co.,* 176 F.2d 364 (4th Cir.

1949). The United States Court of Appeals for the Third Circuit explained that Rule 41 permits a plaintiff "to take his case out of court when no one else will be prejudiced by his doing so." *Ferguson,* 492 F.2d at 28. However, "[t]he situation is quite different when answers have been filed.... It is likewise an increasingly burdensome matter ... if a case has been prepared, trial date set and the party and his witnesses on hand and ready for trial." *Id.* at 28.

After eight years, plaintiff's motion to withdraw comes on the eve of a scheduled ten-day trial. The Claims Court has resolved over 72 motions and has conducted innumerable status conferences in court and by telephone. In less than two years, this court has narrowed the issues for trial by two summary judgment motions and two motions for reconsideration. Further, this court has scheduled a pre-trial conference, has ordered the filing of Appendix G submissions, and has scheduled a trial for October 1990. The court warned the parties that trial would occur in October without delay, and that any motions which it could not resolve by then would be addressed at trial. Plaintiff's motion could not have occurred at a later stage of these protracted proceedings.

*Plaintiff Diligence and Good Faith*

■ If plaintiff has not prosecuted his case with diligence and good faith, it is appropriate for the court to grant a voluntary motion to withdraw with prejudice. *Pace,* 409 F.2d 331; *Walker v. Spencer,* 123 F.2d 347 (10th Cir.1941), *cert. denied,* 316 U.S. 692, 62 S.Ct. 1296, 86 L.Ed. 1763 (1942); *Thomas,* 393 F.Supp. 58. Insufficient explanation of the need for dismissal, using dismissal to deprive defendant of a ruling on a dispositive motion, and excessive delay are among the factors which justify dismissal with prejudice. *Pace,* 409 F.2d at 334. Similarly, the court should dismiss with prejudice if the motion to withdraw merely represents an attempt to relitigate under more favorable circumstances. *Thomas,* 393 F.Supp. at 70.

Plaintiff claims that it must withdraw because of a lack of financial resources. After eight years of aggressive litigation,

plaintiff picked a rather inopportune time to assert its financial distress. As late as March 1990, plaintiff attempted to amend its complaint. However, plaintiff must have known since 1978, when Deuterium became an insolvent shell corporation, that the business faced financial instability. Yet, plaintiff has waited eight years, after an enormous expenditure of the court's and the Government's resources at taxpayer's expense, to announce that it has insufficient funds to fuel further litigation. This sudden shift in plaintiff's willingness to proceed, without any apparent change in Deuterium's corporate finances, casts doubt on plaintiff's reasons for withdrawal. Plaintiff's motion smacks of litigation strategy, rather than financial difficulty.

Moreover, plaintiff now seeks to withdraw its case in the face of an outstanding 1983 motion and a trial which will dispose of the remaining counts on their merits. This court has only partially resolved defendant's November 1983 summary judgment motion. At oral argument in February 1990, plaintiff reactivated this undecided portion of defendant's motion by representing that the outstanding issues in such motion should be the next subject for the court's attention. The parties have briefed the motion. This court notified the parties that it would endeavor to resolve this motion before or at trial. Now, just five months after alerting the court of outstanding dispositive issues on counts to which Deuterium never paid much attention, plaintiff seeks to withdraw its remaining counts voluntarily.

Under these circumstances, defendant should not be exposed to the uncertainty of future litigation and to the costs of beginning anew. If this court granted plaintiff's motion, plaintiff would have wiped the slate clean. After eight years of litigation and losses on several motions, this clean slate would unduly strengthen plaintiff's position at defendant's expense, if plaintiff later elected to refile. Thus, this court dismisses the remaining counts of plaintiff's amended petition with prejudice.[4]

*In Forma Pauperis*

 Plaintiff has asked for leave to proceed *in forma pauperis* in appealing this court's dismissal of Count One. Title 28, § 1915, governs a court's authority to confer such status. Section 1915 provides in pertinent part:

> Any court of the United States may authorize ... any suit ... without prepayment of fees and costs ... by a person who makes affidavit that he is unable to pay such costs....

28 U.S.C. § 1915(a) (1988).

Rule 24 of the United States Court of Appeals for the Federal Circuit's Rules of Appellate Procedure sets forth the procedures for plaintiff's request. Rule 24 requires that plaintiff file an affidavit which comports with Form 4 of the Federal Circuit's rules.

This court must deny plaintiff's request to proceed *in forma pauperis*. Section 1915 contemplates that a natural person, not a corporation like Deuterium, is entitled to proceed *in forma pauperis*. *See, S.O. U.P., Inc. v. FTC,* 449 F.2d 1142, 1143 (D.C.Cir.1971). The form of affidavit similarly envisions that only natural persons will make such a request in view of the questions about personal income and employment. In any event, plaintiff has not filed an affidavit which comports with the form set forth in the Federal Circuit's rules. Finally, plaintiff had sufficient resources to sue vigorously for eight years. Without any apparent change in plaintiff's finances, it now pleads financial distress on the eve of trial. Plaintiff does not provide sufficient reason to proceed *in forma pauperis*.

*Sanctions*

On August 2, 1990, the Government filed a motion asking this court to impose sanctions against plaintiff. Specifically, defendant seeks sanctions for plaintiff's motions to strike the Government's 1983 summary judgment motion, to amend the complaint

---

**4.** In view of this court's decision on plaintiff's motion to withdraw, defendant's motion requir-
ing plaintiff to post security for costs, filed June 12, 1990, is moot.

in 1990, and to reconsider the court's recent opinions.

█ Although straining at the limits of RUSCC 11, plaintiff's actions do not warrant the imposition of sanctions. The issues in this case are complex. As the parties aptly demonstrated, the law and facts of this case provided ample room for disagreement and debate. In fact, this court treated seriously plaintiff's motions for reconsideration and amendment. Plaintiff did not prevail, but a party need not succeed on the merits to escape the harshness of Rule 11 sanctions. Thus, plaintiff's actions, while at times a burden to this court and unflattering to all participants, do not rise to the level of egregiousness necessary for sanctions.

## CONCLUSION

This court grants with prejudice plaintiff's motion to withdraw under RUSCC 41(a)(2). This court denies plaintiff's request to proceed *in forma pauperis* and defendant's motion for sanctions. The court directs the Clerk to dismiss plaintiff's amended petition.

No costs.