**FALA CORPORATION and Kana Corporation, Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**The City of Virginia Beach, Defendant–Intervenor.**

No. 98–337L.

United States Court of Federal Claims.

May 28, 2002.

*Order on Motion for Entry of
a Voluntary Dismissal*

MARGOLIS, Senior Judge.

This takings action is before the Court on plaintiffs' motion for entry of a voluntary dismissal filed April 1, 2002. After carefully considering the parties' written submissions and after oral argument, the Court hereby grants plaintiffs' motion and dismisses the case with prejudice.

*DISCUSSION*

█ U.S. Court of Federal Claims Rule (RCFC) 41(a) governs the dismissal of actions. The rule provides:

(a) Voluntary Dismissal; Effect Thereof. (1) By Plaintiff; by Stipulation.... [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice ....

(2) By Order of Court. Except as provided [above], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

RCFC 41(a)(1), (2). Usually, court-ordered dismissal is without prejudice and will be interpreted as such unless otherwise specified in the order. *Schweiger Constr. Co., Inc. v. United States*, 49 Fed.Cl. 188, 208 (2001).

█ This Court has considerable discretion in deciding whether to dismiss a case with or without prejudice, and such dismissal will not be overturned except upon a finding of abuse of discretion. *Id.* The decision of whether to dismiss an action with prejudice "largely hinges on the equities of the case, with due regard for the interests of both parties.... Dismissal with prejudice is particularly appropriate where plaintiff moves to withdraw during the pendency of a summary judgment motion filed by defendant." *Deuterium Corp. v. United States*, 21 Cl.Ct. 132, 134 (1990). Generally, grounds for dismissal with prejudice fall into three broad categories: "burden on defendant of dismissal without prejudice, the progress of the litigation, and the diligence and good faith of the plaintiff." *Id.*

█ Plaintiffs' motion falls under RCFC 41(a)(2) because both defendant and defen-

**92**

dant-intervenor oppose voluntary dismissal. As such, dismissal only can be by order of this Court and upon such terms and conditions as it deems proper. RCFC 41(a)(2). This suit has been pending for four years. For a portion of that time, these proceedings were stayed pending outcome of a state court proceeding that affected the issues in this case. Plaintiffs steadfastly contended that they own the property at issue and that the government has taken that property. Now that the state court has ruled against them, *City of Virginia Beach v. Nala Corp.*, 53 Va. Cir. 309, 2000 WL 33340689 (2000), and both defendant and defendant-intervenor have filed motions for summary judgment and judgment on the pleadings, respectively, plaintiffs seek to have the case dismissed.

A dismissal without prejudice would place a burden on both defendant and defendant-intervenor by exposing them to the uncertainty of future litigation and additional costs. *See Deuterium*, 21 Cl.Ct. at 136. While litigation has not progressed to the trial stage yet, some motions have been briefed over the four years that the case has been in this Court. Also, defendant-intervenor has and still is litigating related issues in state court. Both time and money have been expended by the defendant and defendant-intervenor in litigating this case. At the same time, in light of the Virginia Circuit Court's decision, there is some question as to plaintiffs' good faith in prosecuting this case. *See id.* at 135. Based on these observations, dismissal with prejudice is appropriate.

"A dismissal under RCFC 41(a)(1)(A) does not automatically insulate a party from Rule 11 sanctions." *Persyn v. United States*, 34 Fed.Cl. 187, 194 (1995). As such, this court retains the right to rule concurrently on defendant-intervenor's motion for sanctions.

### CONCLUSION

For the reasons set forth, plaintiffs' motion for entry of a voluntary dismissal is granted with prejudice. The clerk shall dismiss the case with prejudice. Costs for the defendant and defendant-intervenor.