# In the United States Court of Federal Claims

No. 15-584L
(Filed January 9, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
                                  *
TURPEINEN BROTHERS INC.,          *
et al.,                           *
                                  *
              Plaintiffs,         *
                                  *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * *
```

## ORDER

Following the filing of the Third Amended Complaint, plaintiffs have moved under Rule 41(a)(2) of the Rules of the United States Court of Federal Claims (RCFC), to voluntarily dismiss from this rails-to-trails takings case, without prejudice, the claims of five plaintiffs. The motion notes that each of these claims are defective, either because the railroad obtained a fee simple interest in the adjacent land, the property owners' land is not adjacent to the railroad corridor, or the property allegedly taken was obtained after the date of the taking. Pls.' Mot. at 1. The government consents to the dismissal of the claims, but argues this should be with prejudice, applying the three factors identified in *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1990). Def.'s Resp. & Opp'n at 2–5. In reply, plaintiffs argue that a dismissal without prejudice is warranted under *Deuterium Corp.*, and that this would preserve the ability of the dismissed claimants to obtain a second opinion as to the viability of their claims. Pls.' Reply at 2–5.

Taking into consideration "the burden on defendant of dismissal without prejudice, the progress of the litigation, and the diligence and good faith of the plaintiff[s]," *Deuterium Corp.*, 21 Cl. Ct. at 134; *see also Freeman v. United States*, 98 Fed. Cl. 360, 368 (2011), the Court concludes that a dismissal of the claims without prejudice is appropriate. The Third Amended Complaint was filed less than one year from the initiation of this lawsuit, and in that time the case changed

from a putative class action with six named parties asserting claims concerning four properties, *see* Compl. ¶¶ 6–9, 16–22, to an action brought by twenty-eight property owners concerning fifteen different properties, *see* Third Am. Compl. ¶¶ 6–20. Along the way, counsel for the parties apparently determined that one of the original plaintiffs, plus four others who joined in the Second Amended Complaint, possessed claims believed to be defective. The motion of plaintiffs to voluntarily dismiss the claims of these five plaintiffs would expedite and simplify the litigation by narrowing its focus to the twelve other claims.

The government argues that, unless the dismissal is with prejudice, it is burdened with "the uncertainty of future litigation" over the dismissed claims. Def.'s Resp. & Opp'n at 3–4. Defendant contends that it expended time and resources to discover the invalidity of these claims, and that it is being deprived of the ability to obtain summary judgment concerning them. *Id.* at 4–5. But despite having purportedly taken the time to investigate the merits of these claims, the government neglected to provide the Court with the specific reason or reasons why each is believed to be invalid. *See id.* at 1–5. Nor has defendant identified any reason why it would be more burdensome to use this information to seek the dismissal of any subsequent lawsuit filed on behalf of the dismissed claimants than to move for summary judgment in this proceeding. Moreover, the Court notes that it is not clear that class action tolling, under *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010), would apply to the claims of named parties in a class action. Thus, the six years that have elapsed since the date of the alleged taking, *see* Third Am. Compl. ¶ 24, or from the issuance of the Notice of Interim Trail Use, *id.* ¶ 21, *see Barclay v. United States*, 443 F.3d 1368, 1378 (Fed. Cir. 2006), should dramatically reduce the prospect of any future litigation over these claims.

Plaintiffs have moved expeditiously to dismiss the suspect claims, and defendant has failed to persuade the Court that dismissal without prejudice would be burdensome. Litigating their merits at this juncture would pose an unnecessary burden --- as the government, in choosing not to match the various reasons for dismissal with each claim, seems to concede by its actions. Accordingly, plaintiffs' motion to dismiss, under RCFC 41(a)(2), the claims of Turpeinen Brothers, Inc., Jason Quinn, Wayne Solberg, and Lee and Shirley Jackson, is **GRANTED** without prejudice. Henceforth, this case will be referred to as *Robert Wagner,* et al. *v. United States*.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge