Marvin POWELL, Brian Holloway, Michael Kenn, Michael Davis, James Lofton, Michael Luckhurst, Dan Marino, George Martin, Steve Jordan and the National Football League Players Association on behalf of themselves and all class members, Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc., d/b/a Atlanta Falcons; Buffalo Bills, Inc., d/b/a Buffalo Bills; Chicago Bears Football Club, Inc., d/b/a Chicago Bears; Cincinnati Bengals, Inc., d/b/a Cincinnati Bengals; Cleveland Browns, Inc., d/b/a Cleveland Browns; The Dallas Cowboys Football Club, Ltd., d/b/a Dallas Cowboys; PDB Sports, Ltd., d/b/a Denver Broncos; The Detroit Lions, Inc., d/b/a Detroit Lions; The Green Bay Packers, Inc., d/b/a Green Bay Packers; Houston Oilers, Inc., d/b/a Houston Oilers; Indianapolis Colts, Inc., d/b/a Indianapolis Colts; Kansas City Chiefs Football Club, Inc., d/b/a Kansas City Chiefs; The Los Angeles Raiders, Ltd., d/b/a Los Angeles Raiders; Los Angeles Rams Football Company, Inc., d/b/a Los Angeles Rams; Miami Dolphins, Ltd., d/b/a Miami Dolphins; Minnesota Vikings Football Club, Inc., d/b/a Minnesota Vikings; New England Patriots Football Club, Inc., d/b/a New England Patriots; The New Orleans Saints Limited Partnership, d/b/a New Orleans Saints; New York Football Giants, Inc., d/b/a New York Giants; New York Jets Football Club, Inc., d/b/a New York Jets; The Philadelphia Eagles Football Club, Inc., d/b/a Philadelphia Eagles; Pittsburgh Steelers Sports, Inc., d/b/a Pittsburgh Steelers; The St. Louis Football Cardinals, Inc., d/b/a St. Louis Cardinals; The Chargers Football Company, d/b/a San Diego Chargers; The San Francisco Forty–Niners, Ltd., d/b/a San Francisco 49ers; The Seattle Professional Football Club, d/b/a Seattle Seahawks; Tampa Bay Area NFL Football, d/b/a Tampa Bay Buccaneers; Pro–Football, Inc., d/b/a Washington Redskins; Defendants.

Civ. No. 4–87–917.

United States District Court, D. Minnesota, Fourth Division.

Sept. 30, 1991.

Edward M. Glennon, Carol T. Rieger, Luke H. Terharr, Charles J. Lloyd, Lindquist & Vennum, Minneapolis, Minn., and Jeffrey L. Kessler, James W. Quinn, Weil, Gotshall & Manges, New York City, for plaintiffs.

James Fitzmaurice, Patrick J. Schiltz, Faegre & Benson, Minneapolis, Minn., and John H. Schafer, Herbert Dym, Paul J. Tagliabue, Jeffrey Pash, Neil K. Roman, Richard W. Buchanan, Covington & Burling, Washington, D.C., and Frank Rothman, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, Cal., and Shepard Goldfein, Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on the following motions:

1. Plaintiffs' motions to decertify the class pursuant to Federal Rule of Civil Procedure 23(c)(1) and to dismiss without prejudice plaintiffs' remaining claims pursuant to Federal Rule of Civil Procedure 41(a)(2);

2. Defendants' motion for summary judgment on plaintiffs' abuse of monopoly power claims; and

3. Defendants' appeal from the magistrate judge's orders of September 8, and October 4, 1989.[1]

---

1. The parties agreed that those appeals could be resolved at the same time that the court ruled on defendants' remaining motions for summary judgment.

Based on a review of the file, record and proceedings, the court grants in part and denies in part plaintiffs' motions, denies defendants' motion for summary judgment and denies defendants' appeals as moot.

## BACKGROUND

Plaintiffs (originally several professional football players and the National Football League Players Association) filed this action on October 15, 1987, against the National Football League ("NFL") and its member organizations (collectively "defendants"), alleging various antitrust violations arising out of the application of the Right of First Refusal/Compensation system provisions of the 1982 Collective Bargaining Agreement ("CBA") and related provisions of the NFL Player Contract (referred to collectively as the "player restraints").[2] Prior to class certification, defendants moved for summary judgment on the issue of whether the nonstatutory labor exemption protected the challenged player restraints from antitrust scrutiny. In an order dated January 29, 1988, the court held that:

> the nonstatutory labor exemption insulated the Right of First Refusal/Compensation system and the NFL Player Contract during the life of the 1982 Collective Bargaining Agreement, and that the labor exemption will continue to protect the challenged restraints until the parties reach impasse as to those issues.

*Powell v. National Football League*, 678 F.Supp. 777, 789 (D.Minn.1988).

Based on the parties' stipulation, the court subsequently certified a Rule 23(b)(2) class composed of:

> all veteran players who were on the active roster of a National Football League (NFL) club at the beginning of the 1987 NFL football season, and all veteran players who are at any time on the active roster of, or under contract to, an NFL club prior to the date of a final judgment in this action.

**2.** Two prior orders set forth this action's background facts and procedural history more fully. See *Powell v. National Football League*, 678

*Powell v. National Football League*, 711 F.Supp. 959, 966 (D.Minn.1989) (quoting prior order of June 17, 1988). The court certified the class to seek injunctive relief preventing the continued application of the player restraints.

The court entered a second certification order, dated January 6, 1989, that conditionally extended the first certification order. *Id.* at 966–70. The second order added:

> (1) A subclass with respect to damages arising from restraints on veteran player movement, comprised of all players under contract to play professional football in the NFL during the relevant statute of limitations period, including all players who will enter into an NFL player contract prior to the date of final judgment in this action;

> (2) A subclass with respect to the college draft, both as to damages and injunctive relief, comprised of all players selected in a college draft during the relevant statute of limitations period, including all players who will be drafted by an NFL club prior to the final judgment in this action; and

> (3) An additional request for injunctive relief (to be added to the injunctive relief already requested in the June 17, 1988 class certification Order) against the NFL defendant's alleged monopolization and abuse of monopoly power in connection with the specific practices alleged by plaintiffs in their Complaint.

*Id.* at 970.

Defendants filed an interlocutory appeal of this court's ruling on the nonstatutory labor exemption issue. On November 1, 1989, the Eighth Circuit rejected impasse as the point at which the labor exemption ended, and determined that:

> as long as there is a possibility that proceedings may be commenced before the [National Labor Relations] Board, or until final resolution of Board proceedings and appeals therefrom, the labor

F.Supp. 777 (D.Minn.1988); *Powell v. National Football League*, 711 F.Supp. 959 (D.Minn.1989).

relationship continues and the labor exemption applies.

*Powell v. National Football League,* 930 F.2d 1293, 1303–04 (8th Cir.1989).[3] The Eighth Circuit further determined that an ongoing labor relationship existed between the parties and that the nonstatutory labor exemption prevented players from bringing an antitrust challenge to:

> "the only League practice at issue in [the] interlocutory appeal ... that provision of the Players' collective bargaining agreement establishing a 'Right of First Refusal/Compensation' system."

*Id.* at 1295, 1303–04.[4] The Eighth Circuit concluded that:

> [on] the facts currently presented by this case, we are not compelled to look into the future and pick a termination point for the labor exemption.

*Id.* at 1303.

After the Eighth Circuit's decision, this court again amended the prior class certification orders:

> pursuant to an agreement of the parties to exclude any claims plaintiffs may have for damages respecting implementation of Plan B or any new system of player restraints after February 1, 1989.

*Powell v. National Football League,* No. 4–87–917, slip. op. at 11 (D.Minn. February 5, 1990). The court also denied defendants' request for an injunction prohibiting plaintiffs from filing individual actions seeking injunctive or declaratory relief regarding Plan B. *Id.* at 8–11.

In an order dated February 22, 1990, the court granted defendants' motion for summary judgment on plaintiffs' antitrust claims based on the college player draft, finding that the named plaintiffs lacked standing to pursue those claims. *Powell v. National Football League,* No. 4–87–917,

slip. op. at 4–5 (D.Minn. February 22, 1990).[5] The order specifically excluded any abuse of monopoly claims. *Id.* at 3.

In an order dated May 23, 1991, the court determined that the nonstatutory labor exemption ended as of November 6, 1989, the date on which the players' association notified the NFL of its decision to abandon collective bargaining rights, because at that point the parties no longer had an ongoing "labor relationship." *Powell v. National Football League,* 764 F.Supp. 1351, 1359 (D.Minn.1991) (quoting *Powell v. National Football League,* 930 F.2d at 1304).[6]

Plaintiffs contend that in light of the Eighth Circuit's ruling there are no class representatives remaining with the standing or interest to pursue this litigation. Plaintiffs thus move the court to decertify the class and dismiss all of the remaining claims without prejudice. Defendants, however, ask the court to grant their pending motion for summary judgment on any remaining abuse of monopoly power claims and to dismiss various other claims with prejudice. Defendants also appeal two orders of the magistrate judge. The court will examine the various motions in turn.

1. *Claims Concerning Defendants' Conduct After November 6, 1989*

The parties agree that all claims involving defendants' conduct after November 6, 1989, the date on which the labor exemption ended, should be dismissed without prejudice.[7] In defendants' words: "there should be dismissal without prejudice of claims for the 1990 NFL season and thereafter relating to Plan B, the NFL college player draft, the NFL player contract and so-called restrictions on player salaries." Defendants' Memorandum in Opposition at

---

3. The opinion was originally published at 888 F.2d 559 and published as corrected at 930 F.2d 1293.

4. On January 7, 1991, the Supreme Court denied certiorari on this issue. —— U.S. ——, 111 S.Ct. 711, 112 L.Ed.2d 700 (1991).

5. Those claims were included in Counts III and IV of the Second Amended Complaint. *Id.* at 3.

6. The court certified the labor exemption issue pursuant to 28 U.S.C. § 1292(b), but the Eighth Circuit denied interlocutory appeal of the May 23, 1991, order.

7. However, the "NFL respectfully disagrees with the Court's determination that the labor exemption expired on November 6, 1989." Defendants' Memorandum in Opposition at 6.

2–3. Based on prior rulings by the Eighth Circuit and this court, the court dismisses all of plaintiffs' claims that involve defendants' conduct occurring after November 6, 1989, without prejudice.

### 2. Claims Involving Defendants' Conduct Prior to November 6, 1989

#### A. Claims Involving Player Restraints Other than Plan B

The parties also agree that all claims involving the Right of First Refusal/Compensation system (other than Plan B) and the NFL Player Contract based on defendants' conduct prior to November 6, 1989, should be dismissed with prejudice on both an individual and class basis. *See Powell*, 930 F.2d at 1303–04 (ordering dismissal of those claims). The court's order dated February 5, 1990, already dismissed with prejudice all of those claims that were contained in Counts I, II and X of plaintiffs' Second Amended Complaint. *Powell v. National Football League*, No. 4–87–917, slip. op. at 11 (D.Minn. February 5, 1990). Plaintiffs do not oppose a similar order dismissing with prejudice all other claims involving player restraints (other than Plan B) that are included in Counts V and VI of the Second Amended Complaint (those counts involve claims for damages and injunctive relief concerning the NFL Player Contract). Thus, the court dismisses with prejudice all of the individual and class claims involving player restraints (other than Plan B) based on defendants' conduct occurring prior to November 6, 1989, that are contained in Counts V and VI of the Second Amended Complaint.

#### B. Plan B Claims

■ Plaintiffs and defendants agree that the individual named plaintiffs are precluded from bringing any claims for Plan B damages accruing prior to the 1990 NFL season. In its February 5, 1990, order, the court entered final judgment in defendants' favor on those claims asserted by the named plaintiffs. *Id.* Defendants also urge the court to dismiss with prejudice any class claims seeking damages for the implementation of Plan B after February 1, 1989, but prior to November 6, 1989. Plaintiffs respond that such an order is impossible because those claims were expressly excluded from the certified class by the February 5, 1990, order.[8] The order stated in pertinent part that:

> [t]he court's prior class certification orders are amended pursuant to an agreement of the parties to exclude any claims plaintiffs may have for damages respecting implementation of Plan B or any new system of player restraints after February 1, 1989.

*Powell v. National Football League*, No. 4–87–917, slip op. at 11 (D.Minn. February 5, 1990).[9] By its terms, the court's order specifically excludes from class certification any claims by unnamed members of the plaintiff class for damages from Plan B arising after February 1, 1989, thus decertifying claims arising in the 1989 NFL season as well in later seasons. Based on the parties' agreement and its prior order, the court concludes that, contrary to defendants' contention, those claims are no longer before the court. Accordingly, the court denies defendants' request to dismiss with prejudice any class claims seeking damages for the implementation of Plan B after February 1, 1989, but prior to November 6, 1989.[10] Thus, players other than the

---

**8.** Plaintiffs contend that the decertified claims consist of all of the Plan B claims contained in Counts I, II, V and VI, and also those Plan B claims included in Counts VII and VIII (counts relating to salary restriction).

**9.** As claims for damages caused by various aspects of Plan B are contained in several counts of the Second Amended Complaint, including Counts III, VI and VIII, the order excluding Plan B claims applies to all of those counts.

**10.** The court also rejects defendants' claim that the February 5, 1990 order contained an "appar-

ent ministerial error" that should be corrected to clarify "that it applies to the classes certified on June 17, 1988 and January 6, 1989." Defendants' Memorandum in Opposition at 16. As a result of the parties' agreement, that order specifically amended the prior class certification orders to *exclude* any of plaintiffs' claims "for damages respecting implementation of Plan B or any new system of player restraints *after* February 1, 1989." *Powell v. National Football League*, No. 4–87–917, slip. op. at 11 (D.Minn. February 5, 1990) (emphasis added). Defen-

named plaintiffs may bring suit for damages resulting from the implementation of Plan B during the 1989 NFL season.[11]

## C. Claims Involving the College Player Draft

■ Defendants also urge the court to dismiss with prejudice any class claims based on the college player draft based on conduct occurring prior to November 6, 1989. The court initially granted summary judgment for defendants on all of the draft claims arising during the term of the 1982 Collective Bargaining Agreement, finding that the nonstatutory labor exemption shielded defendants during that period of time. *Powell,* 711 F.Supp. at 964. In its order dated February 22, 1990, the court granted a second motion for summary judgment and dismissed all of the remaining draft claims asserted by the named class representatives on the ground that the named plaintiffs lacked standing to pursue the claims. *Powell v. NFL,* No. 4–87–917, slip op. at 4–5 (D.Minn. Feb. 22, 1990). No new class representatives have emerged since that order, thus, there have been no class representatives for the draft claims for more than a year and a half. Because no replacement representatives have or are likely to come forward to pursue the draft claims, the court determines

that dismissal without prejudice is warranted. *See, e.g., Elias v. National Car Rental Sys.,* 59 F.R.D. 276, 277 (D.Minn.1973) (dismissing case without prejudice after class representative withdrew); *cf. Goodman v. Schlesinger,* 584 F.2d 1325, 1332–33 (4th Cir.1978) (after determining that named plaintiffs were not proper class representatives, court remanded case, but stated that "[i]f no representative plaintiff … comes forward within a reasonable time, then the district court should strike the class action from the calendar and enter a final dismissal").[12] Accordingly, the court decertifies the class and dismisses without prejudice any class claims concerning the college player draft arising prior to November 6, 1989 that survive the Eighth Circuit's decision in *Powell,* 930 F.2d at 1303–04.

## 3. *Plaintiffs' Abuse of Monopoly Power Claims*

Plaintiffs ask the court to dismiss their abuse of monopoly power claims without prejudice because the named plaintiffs have no desire to pursue those claims in either an individual or representative capacity.[13] Plaintiffs further contend that defendants are unable to demonstrate the type of prejudice necessary to justify an

dants' claim of "ministerial error" is thus unfounded.

**11.** Defendants also contend that plaintiffs' decertification motion is an attempt to escape the "proper res judicata effects" of the Eighth Circuit's decision on the merits of this case. Plaintiffs, however, do not oppose an order dismissing with prejudice all of their non-Plan B claims arising prior to November 6, 1989 that are included in Counts V and VI of the Second Amended Complaint. Plaintiffs do oppose the dismissal with prejudice of any class claims for damages resulting from the implementation of Plan B from February 1, 1989, to November 6, 1989. Plaintiffs oppose that dismissal, however, based on the parties' agreement and the court's order to decertify the class with respect to those claims. The court thus rejects as unfounded defendants' contention that plaintiffs are seeking to evade the "res judicata effect" of "class issues that have already been decided on the merits."

**12.** Defendants urge the court to order plaintiffs' counsel to find other parties to act as class

representatives. *See* Defendants' Memorandum in Opposition at 10. As the court previously recognized when refusing to enjoin members of the plaintiff class from asserting claims in other forums:

> defendants are asking the court to force the plaintiff class, with no named plaintiff or counsel apparently desiring to act as their class representative, to pursue in this court whatever claims they may still possess subsequent to the Eighth Circuit's ruling and the NFLPA's announced abandonment of its collective bargaining rights, simply because plaintiffs agreed to a class certification order under circumstances materially different from those now present.

*Powell v. National Football League,* No. 4–87–917, slip op. at 11 (D.Minn. February 5, 1990). Defendants' current request is in a similar vein and the court again refuses to bind all NFL players to the present litigation.

**13.** Plaintiffs' abuse of monopoly power claims are not set forth in separate counts, but are included in Counts II, IV, VI and VIII of the Second Amended Complaint.

order dismissing those claims with prejudice.

Defendants urge the court to either dismiss the remaining abuse of monopoly power claims with prejudice as to the entire plaintiff class or to grant their pending motion for summary judgment on those claims. Defendants first argue that under Federal Rule of Civil Procedure 41(a)(2), a motion for voluntary dismissal should be denied if the court finds that the defendant will be prejudiced thereby. For purposes of determining prejudice, the Eighth Circuit examines the following factors:

1. The defendants' effort and expense involved in preparing for trial;

2. Excessive delay and lack of diligence on the part of plaintiffs in prosecuting the action;

3. Insufficient explanation for the need to dismiss; and

4. The fact that defendant has filed a motion for summary judgment.

*Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir.1987). Defendants have a pending motion for summary judgment on the abuse of monopoly power claims and contend that they have expended significant effort and expense in preparing that motion. Defendants argue that both sides have fully briefed and argued the motion and that plaintiffs will not be burdened if the court rules on the motion. Defendants further dispute plaintiffs' explanation that dismissal without prejudice is appropriate because the expense and effort of going forward with the claims is not justified by the likelihood of any recovery. Defendants also contend that plaintiffs proffer no facts to demonstrate that unnamed class members share the same lack of interest as the named plaintiffs. Defendants conclude that three of the four factors weigh in their favor, thus plaintiffs' motion to dismiss without prejudice should be denied. In the alternative, defendants ask the court to grant their motion for summary judgment.

Plaintiffs respond that defendants' summary judgment motion must be denied. They also contend that defendants are unable to demonstrate sufficient prejudice to warrant dismissal with prejudice. They first dispute defendants' claim that they have expended significant effort and expense in preparing the summary judgment motion; plaintiffs argue that only a minimal amount of discovery and expense is attributable to the abuse of monopoly power issues. Plaintiffs further contend that the pendency of a summary judgment motion alone does not preclude plaintiffs from obtaining a voluntary dismissal. Because of changed circumstances, the named plaintiffs no longer desire to pursue the abuse of monopoly power claims on either an individual or class basis and they argue that there is no reason to delay the dismissal of this case, which has lain dormant since the *McNeil* lawsuit was filed in April 1990. Plaintiffs thus ask the court to voluntarily dismiss any remaining abuse of monopoly power claims without prejudice. *See, e.g., Tyco Lab. v. Koppers Co.,* 627 F.2d 54, 56–57 (7th Cir.1980) (voluntary dismissal without prejudice warranted despite pending summary judgment motion).

■ At defendants' urging, the court determines that the pending motion for summary judgment should be decided. Based on a review of the file, record, and proceedings herein, the court finds that to the extent that plaintiffs' abuse of monopoly power claims survive the Eighth Circuit's decision in *Powell,* a material fact dispute exists concerning whether defendants abused their monopoly power.[14] Plaintiffs proffer sufficient evidence to raise a jury question about whether defendants had a tacit agreement, understanding or conspiracy to refrain from bidding on players. Accordingly, the court denies defendants' motion for summary judgment on plain-

**14.** For purposes of the motion, the court assumes without deciding that defendants had monopoly power. The court notes, however, that in *United States Football League v. National Football League* a jury unanimously found that the NFL defendants had "willfully acquired or maintained monopoly power in a relevant market consisting of major league professional football in the United States." 644 F.Supp. 1040, 1042 (S.D.N.Y.1986), *aff'd,* 842 F.2d 1335 (2d Cir.1988).

tiffs' remaining abuse of monopoly power claims.

■ In light of its denial of defendants' motion for summary judgment, the court must further determine whether plaintiffs' claims should be dismissed with or without prejudice. Under Federal Rule of Civil Procedure 41(a)(2), a voluntary dismissal by plaintiffs must be "upon order of the court and upon such terms and conditions as the court deems proper." The court should dismiss without prejudice unless the defendant can demonstrate "some plain legal prejudice other than the mere prospect of a second lawsuit." *New York, C. & St. L. R.R. v. Vardaman*, 181 F.2d 769, 770 (8th Cir.1950) (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947)). Applying the factors set forth in *Paulucci*, 826 F.2d at 783, the court first determines that defendants' effort and expense concerning the abuse of monopoly power claims was not "so extensive ... as to be tantamount to 'plain legal prejudice.'" *Tyco Lab.*, 627 F.2d at 56. The court further finds that there was no excessive delay or lack of diligence by plaintiffs in prosecuting those claims. Plaintiffs also proffer a sufficient explanation for dismissal: the absence of willing class representatives to assert the remaining abuse of monopoly power claims in light of the Eighth Circuit's decision. Finally, there is no longer a pending summary judgment motion. Based on the foregoing, the court decertifies and dismisses without prejudice any abuse of monopoly power claims that survive the Eighth Circuit's ruling in *Powell*.

### 4. *Plaintiffs' Claim Concerning the Defendants' Monopoly Power*

Plaintiffs also ask the court to dismiss Count IX without prejudice. Count IX seeks a declaratory judgment that the monopolization verdict in the *United States Football League* case be given preclusive effect. 644 F.Supp. 1040, 1042 (S.D.N.Y.1986) (jury found that defendants wielded monopoly power), *aff'd*, 842 F.2d 1335 (2d Cir.1988). Based on its dismissal of all of plaintiffs' remaining abuse of monopoly claims, the court determines that the declaration sought in Count IX is moot and dismisses that claim without prejudice.

### 5. *Defendants' Appeal of the Magistrate Judge's Order of September 8, 1989*

Defendants appeal a portion of a September 8, 1989, order of United States Magistrate Judge Floyd E. Boline that denied defendants' motion to compel testimony. Based on the court's dismissal of this action, defendants' appeal is denied as moot.

### 6. *Defendants' Appeal of the Magistrate Judge's Order of October 4, 1989*

Defendants' appeal an order of United States Magistrate Judge Floyd E. Boline dated October 4, 1989. That order granted plaintiffs' motion to compel discovery of certain financial records of individual NFL clubs. Based on the court's dismissal of this action, defendants' appeal is also denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. All of plaintiffs' individual and class claims arising from defendants' conduct occurring after November 6, 1989, are dismissed without prejudice and the class is decertified concerning those claims;

2. All individual and class claims involving the Right of First Refusal/Compensation system (other than Plan B) and the NFL Player Contract based on defendants' conduct occurring prior to November 6, 1989, and contained in Counts V and VI of the Second Amended Complaint are dismissed with prejudice;

3. Defendants' request to dismiss with prejudice any class claims seeking damages for the implementation of Plan B after February 1, 1989, but prior to November 6, 1989 is denied;

4. Any class claims concerning the college player draft arising prior to November 6, 1989 that survive the Eighth Circuit's decision in *Powell* are dismissed without prejudice and the class is decertified concerning those claims;

5. Defendants' motion for summary judgment on plaintiffs' abuse of monopoly

power claims that survive the Eight Circuit's decision in *Powell* is denied, those claims are dismissed without prejudice and the class is decertified concerning those claims;

6. Count IX is dismissed without prejudice and the class is decertified for purposes of that claim;

7. Defendants' appeal of the magistrate judge's order of September 8, 1989, is denied as moot; and

8. Defendants' appeal of the magistrate judge's order of October, 1989, is denied as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.