Betty V. PACE, as Administratrix of the Estate of Floyd J. Pace, Jr., Deceased, Plaintiff-Appellant,

v.

SOUTHERN EXPRESS COMPANY, Defendant-Appellee.

No. 17019.

United States Court of Appeals
Seventh Circuit.

April 1, 1969.

Rehearing Denied June 2, 1969.

George W. McCain, David N. Gilyan, Gary, Ind., for plaintiff-appellant.

Daniel F. Kelly, Joel C. Levy, Hammond, Ind., for defendant-appellee; Tinkham, Beckman, Kelly & Singleton, Hammond, Ind., of counsel.

Before CASTLE, Chief Judge, and CUMMINGS and KERNER, Circuit Judges.

CUMMINGS, Circuit Judge.

In this diversity action, plaintiff, the administratrix of the estate of Floyd J. Pace, Jr., sought $750,000 in damages for the death of her son in a May 1965 automobile accident in Michigan City, Indiana. On that occasion, Pace and Velma Becker were passengers in the automobile being driven by plaintiff. The other vehicle was a trailer-type tractor being driven by Peter Couture. Couture was the owner of this tractor but it was leased to defendant Southern Express Company, an Illinois corporation. The complaint alleged that the accident was caused by Couture's negligence while operating the tractor "with the permission of and under the direction, control, and operating authority" of defendant.

The tractor lease between Couture and defendant provided that "During the period of this lease, said vehicle and driver shall be solely and exclusively under the

direction of the [defendant] Lessee." It also provided:

"In the event the Lessor [Couture] is employed by the Lessee as a driver of equipment owned or leased by the Lessee said Lessor shall be deemed an employee of the Lessee * * *."

Under the lease, Couture was obligated to provide insurance coverage when the tractor was being driven for non-business purposes, but he failed to purchase any.

Through defendant's sworn answer to plaintiff's request for admission of facts, it developed that Couture was driving the tractor from defendant's Cicero, Illinois, terminal on the way to his home in South Bend, Indiana; that the tractor was on the wrong side of the highway when the collision occurred; and that the tractor was skidding at that time. However, this answer asserted that the tractor was not being operated under the terms of the lease.

Defendant took the depositions of the two drivers. Couture's deposition showed that he was driving the tractor (without any trailer) on that Saturday to his home to spend the weekend, and that he was not being paid by defendant for this trip. As usual, he purchased the gas and oil for the tractor. He was paid as an employee by defendant only when taking the tractor out on the defendant's business. Mrs. Pace's deposition does not contain any material relevant to this appeal.

Defendant filed a motion for summary judgment based on the pleadings, the depositions, the answers to the request for admissions of fact, and the lease. At the same time it filed a supporting brief. No response was ever filed.

About four months thereafter, plaintiff filed a motion to dismiss the complaint without prejudice, stating "Defendant will not be prejudiced in any sub-stantial right by a dismissal of the complaint." Twelve days thereafter, defendant filed its objections to plaintiff's motion to dismiss. Promptly thereafter, the district court entered an order denying plaintiff's motion to dismiss without prejudice and granting defendant's motion for summary judgment. This appeal followed. We affirm.

Under Indiana law, which is controlling, it is well settled that where an employee, with or without the consent of the owner of the vehicle, uses the vehicle for purposes of his own, when not on regular duty, the owner is not liable for injury to another resulting from the driver's negligence. Haynes v. Stroh, 99 Ind.App. 595, 597, 193 N.E. 721 (1935); Marion Trucking Co. v. Byers, 121 Ind. App. 592, 597, 97 N.E.2d 625 (1951). Here the uncontroverted facts show that Couture was off duty and performing no task for defendant at the time of the collision. He was neither engaging in defendant's business nor acting within the scope of his employment. Therefore, under Indiana law, defendant was not responsible for Couture's negligence on this occasion, whether or not the relation of employer and employee existed at the time of the accident.*

To avoid summary judgment, plaintiff relies on Rule 12(b) of the Public Service Commission of Indiana:

"Lease of Equipment by and to Carriers. The leasing of equipment to a common and/or contract carrier shall result in the complete control of the equipment by said carrier as lessee. The motor carrier to which the vehicle is leased shall for the term of the lease be deemed the operator thereof and the terms of the lease shall indicate that said lessee motor carrier shall be responsible for the operation of the vehicle, including equipment, physical condition, insurance coverage, registra-

---

* In the motor carrier accident report filed by defendant with the Interstate Commerce Commission, form question 24 provided "Length of time employed by you" and was answered "20 days." Despite plaintiff's reliance thereon, this does not concede that Couture was on defendant's business when on his way home for the weekend.

tion thereof, markings, driver's qualifications, and all other related matters, to the same degree and extent as if said lessee motor carrier were the regular owner thereof."

In our view, this rule only applies where the tractor is being operated on the lessee's business. We so held with respect to a comparable Interstate Commerce Commission regulation in Gudgel v. Southern Shippers, Inc., 387 F.2d 723, 725–726 (7th Cir. 1967). Wilcox v. Transamerican Freight Lines, Inc., 371 F.2d 403, 404 (6th Cir. 1967) (per curiam), certiorari denied, 387 U.S. 931, 87 S.Ct. 2053, 18 L.Ed.2d 992, is to the same effect. Similarly, the provisions of the lease on which plaintiff relies were effective when Couture was operating the tractor on defendant's business, but here there is nothing to show that Couture was on its business when the accident occurred. In fact, this record irrefutably supports only the contrary conclusion.

■ Here the defendant's motion for summary judgment was supported by the pleadings, the answers to plaintiff's request for admissions, and by Couture's deposition. Therefore, under Rule 56(e) of the Federal Rules of Civil Procedure, to avoid summary judgment it was incumbent upon plaintiff to file affidavits or other materials supporting the allegations of the complaint. Cf. Markwell v. General Tire and Rubber Company, 367 F.2d 748, 750 (7th Cir. 1966). Since she did not do so, the district court was justified in granting defendant's motion for summary judgment on the strength of the depositions and admissions even though defendant had not filed supporting affidavits. Hoston v. J. R. Watkins Co., 300 F.2d 869, 870, 872 (9th Cir. 1962); Bennett v. Flanigon, 220 F.2d 799, 803 (7th Cir. 1955); Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C.1966).

■■ We also hold that under Rule 41(a) (2) of the Federal Rules of Civil Procedure, the district court was justified in denying plaintiff's motion to dismiss without prejudice. With immaterial exceptions, that rule provides that an action shall not be dismissed at the plaintiff's instance "save upon order of the court and upon such terms and conditions as the court deems proper." In 5 Moore's Federal Practice, § 41.05[1] (2d ed. 1968), the author has collected numerous instances where district courts have properly exercised their discretion by denying motions for dismissal without prejudice. Some of the factors justifying denial are the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant. These factors were present here.

The defendant's objections to plaintiff's motion to dismiss disclosed that the case had already been pending for one and one-half years, that considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment. Defendant also pointed out that plaintiff has failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic. These considerations amply support the district court's denial of the motion to dismiss without prejudice. In addition, the district court was cognizant that there were three related state court suits filed five months after this suit and still pending in the Circuit Court of LaPorte County, Indiana. The district court therefore concluded:

"Defendants should not be harassed by multiple suits. Plaintiff had ample opportunity to show that there are justiciable issues involved, but has failed to make such a showing. For that reason, it is only fair that this litigation be disposed of in a manner that will protect the defendant against future litigation."

As revealed by plaintiff's Exhibits D, E and F and its brief here, the three Indi-

ana causes of action were identical to this, and it would be unfair to permit plaintiff to press them when it has failed to develop any material issue for trial in its earlier-filed federal court case. Since plaintiff failed to show that an issue of fact remained as to whether Couture was on defendant's business when the accident occurred, defendant was entitled to a judgment which would preclude continued litigation on the same issue in any other court.

Affirmed.