**TYCO LABORATORIES, INC., et al., Plaintiff-Appellee,**

v.

**KOPPERS COMPANY, INC., Defendant-Appellant.**

No. 79–1830.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1980.

Decided July 31, 1980.

Michael H. Schaalman, Quarles & Brady, Milwaukee, Wis., for defendant-appellant.

Brackett B. Denniston, III, Goodwin, Proctor & Hoar, Boston, Mass., for plaintiff-appellee.

Before PELL and WOOD, Circuit Judges, and BAKER *, District Judge.

PER CURIAM.

Defendant Koppers Company, Inc. (Koppers) has appealed from the trial court's order dismissing this action upon plaintiff Tyco's Motion for Voluntary Dismissal filed pursuant to Rule 41(a)(2). Briefly, this action is one of many stemming from the efforts of competing investors to acquire Cutler-Hammer, Inc., through the purchase of its stock. After plaintiff Tyco had acquired a substantial equity interest in Cutler-Hammer through stock purchases in the open market, Cutler-Hammer allegedly negotiated a "friendly" sale of a special issue of stock to Koppers, in order to enable itself to defend against any attempted takeover bid. Simultaneously, Cutler-Hammer also commenced an action against Tyco, seeking to enjoin it from continuing to purchase Cutler-Hammer stock, on the theory that such purchases constituted an unlawful tender offer. A temporary restraining order was issued in that action on April 12, 1978.

The same day, Tyco brought the instant action, seeking essentially equivalent relief against any further purchases of shares by Koppers. After granting Tyco's motion for a temporary injunction, the district court later denied cross motions for preliminary injunctions in both cases. Plaintiff thereafter made significant additional purchases of Cutler-Hammer stock, which were eventually sold to Eaton Corporation on June 12, 1978. Within days, Eaton and Cutler-Hammer announced a merger agreement, which was consummated in January 1979.

Tyco's original complaint had alleged that the special sale of stock to Koppers was violative of the federal securities laws. Because the Cutler-Hammer merger removed the derivative basis for relief, however, Tyco was granted leave to file an amended complaint. The amended complaint added as defendants the members of the Board of Directors of Cutler-Hammer, changed the jurisdictional basis to diversity of citizenship, and alleged that the defendants had first breached their fiduciary duty to treat shareholders fairly and equitably, and secondly, that, with respect to a certain class of former Cutler-Hammer shareholders, the directors had violated their fiduci-

---

* Judge Harold A. Baker of the Central District of Illinois is sitting by designation.

ary duty in that they had sold the preferred stock issue to Koppers for a grossly inadequate consideration.

In November 1978, the court, after a status conference, directed that a motion for class certification as to the class claim be filed within forty-five days, and that any discovery related to the certification issue be conducted in the interim. Koppers thereafter deposed the chief executive officer and outside counsel of Tyco. Both individuals refused to answer questions relating to Tyco's purchase of Cutler-Hammer stock on the ground of attorney-client privilege. Tyco filed its motion for class certification on December 28, but the court granted Koppers' motion to stay its decision, and subsequently compelled discovery from Tyco as to those issues about which the deponents had refused to answer. In April 1979, certain of the director defendants moved to dismiss the class complaint for failure to state a claim, and Koppers filed a brief in opposition to certification. Tyco's motion for voluntary dismissal followed.

Rule 41(a)(2) provides in relevant part that:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a. dismissal under this paragraph is without prejudice.

The express language of the rule makes it clear that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court. Accordingly, reversal will be granted only if Koppers can demonstrate that the discretion of the trial judge was abused. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). In *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir. 1969), the trial court's decision to deny plaintiff's motion to dismiss was affirmed. We noted there that factors to be considered in examining mo-

tions to dismiss may properly include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 334. Koppers has strenuously urged that the facts of this case fit squarely within the Pace "test" for denying a motion to dismiss. We think, however, that this argument ignores our standard of review on appeal. The enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.

Koppers argues that it will be prejudiced by the dismissal in that its discovery to date and briefing of the class certification issues will be made worthless. We do not think that the discovery has been so extensive, however, as to be tantamount to the "plain legal prejudice" which will preclude dismissal. *See Stern v. Barnett, supra,* at 213. This is particularly true here in view of the fact that Tyco agreed at oral argument in this court not to object in any subsequent action to the utilization of evidence discovered in this case. "Plain legal prejudice" is, for example, more clearly shown where the defendant has filed a counterclaim prior to the time that plaintiff has moved to dismiss, a circumstance which is specifically covered by the language of the Rule.[1] *See also Selas Corporation of America v. Wilshire Oil Company of Texas,* 57 F.R.D. 3 (E.D.Pa.1972). We also note that in *Stern, supra,* we expressly observed that the mere prospect of a second lawsuit would not be sufficient to meet this standard.

Koppers' secondly argues, again citing *Pace,* that dismissal was inappropriate because a decision on the merits of the action was imminent. We cannot agree, however,

---

1. Rule 41(a)(2) provides that where "a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed

against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

that the fact that a pretrial motion for summary judgment had been filed by some of the defendants as to one of Tyco's asserted grounds for relief is equivalent to an "imminent" resolution on the merits of the action.

We are also not in agreement with Koppers' contention that the provisions of Rule 41(a)(2) "limit" a plaintiff's right to a voluntary dismissal beyond the fact that such a dismissal will be granted only upon the terms and conditions specified by the court.

Finally, although we are of the opinion that there has not been demonstrated an abuse of discretion sufficient to require reversal, candor compels us to observe that we found some of the reasons advanced by Tyco as justifying dismissal less than overpoweringly persuasive.

Both of these reasons had to do with the proposition that following dismissal there would be a refiling in the state courts of Delaware. The first reason was that such a switch would be favorable to class members with smaller claims. Tyco noted that Koppers and its codefendants had asserted in response to the motion for class certification that because this was a diversity case there was no jurisdiction over the independent claims of class members with claims of $10,000 or less. Tyco, while not agreeing with the correctness of this assertion, pointed out various dire consequences to the class, possible fragmentation on the one hand, or a continuing cloud on the status of class membership pending an appeal on the other hand.

We have difficulty in believing that able counsel such as Tyco's would not have researched and anticipated this question prior to the filing of the amended complaint.

Secondly, Tyco asserts that one Count of the complaint involves a novel and undecided question of Delaware law which only the state courts of Delaware can definitely decide.

We observe with regard to this reason that federal courts are commonly called upon to resolve corporate law questions presented during takeover disputes and also

are frequently in the position of having to determine what the state law is on various issues. Tyco, in any event, was also aware of this issue at the time of filing of the amended complaint.

Notwithstanding these perceived weaknesses, for the reasons previously expressed in this opinion the judgment of the district court is

AFFIRMED.