**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Dannie L. HARVEY, et al., Defendants.**

**No. 85–4309–R.**

United States District Court,
D. Kansas.

May 22, 1989.

Paul Hasty, Jr., Barry E. Warren, Overland Park, Kan., for plaintiff.

J. Douglas Miller, McKinley, Miller & Swanson, P.A., Liberal, Kan., Dennis E. Egan, Popham, Conway, Sweeney, Fremont & Randolph, Kansas City, Mo., Arthur S. Chalmers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., Myron L. Listrom, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Wayne T. Stratton, Harold Youngentob, Goodell, Stratton, Edmonds & Palmer, George F. Farrell, Jr., Craig C. Blumreich, Benfer, Farrell & Blumreich, Topeka, Kan., Edward M. Boyle, Thomas L. Griswold, Payne & Jones, Terry Fitzgerald, Niewald, Waldneck, Norris & Brown, Overland Park, Kan., for defendants.

William R. Sampson, J. Eugene Balloun, Shock, Hardy & Bacon, Overland Park, Kan., C. Steven Rarrick, Davis, Unrein, Hummer & McCallister, Topeka, Kan., for Cimarron Ins. Co.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This long-pending litigation is now before the court upon the motion of defendant

Cimarron Insurance Company to dismiss its third-party complaint without prejudice and motions made in response to the motion to dismiss without prejudice. Before addressing these motions, a recap of the factual background and procedural history of this case is warranted.

Allstate Insurance Company filed this lawsuit on July 15, 1985 asking for a declaration that it had no duty to defend three defendants—Dannie Harvey, O.R. Whitaker, and the Citizens State Bank of Liberal, Kansas—in litigation filed on June 19, 1984 in this district. That litigation was a sex discrimination and tort action filed by Dannie Harvey against O.R. Whitaker and the Citizens State Bank of Liberal, Kansas. Whitaker added a counterclaim against Harvey in the case.

The Bank and Whitaker demanded that Cimarron Insurance Company provide a defense and pay any settlement or judgment against them. Cimarron denied any duty to defend or pay a settlement or judgment. Cimarron proceeded, however, to defend the lawsuit pursuant to a denial of coverage and reservation of rights notification.

Demands were made upon plaintiff Allstate and Hartford Accident & Indemnity Company, Fidelity & Deposit Company of Maryland, Jefferson Insurance Company of New York, Kansas Bankers Surety Company, St. Paul Fire and Marine Insurance Company, AMCO Insurance Company and AMBAC Indemnity Corporation to provide a defense or share in the defense costs and contribute to a settlement of the claim. All of these companies refused to participate in the defense or settlement of the case with the exception of Kansas Bankers Surety Company, which contributed $25,000 in defense costs.

Cimarron was allowed to intervene in the case at bar on August 23, 1985. Cimarron filed a cross claim against Whitaker and the Bank asking for a declaration that it had no duty to defend or indemnify them on the claims made by Harvey. Cimarron also filed a separate claim against Allstate requesting a declaratory judgment that Allstate had a duty to defend and indemnify Whitaker and the Bank or to share the defense costs with Cimarron.

In September 1985, the sex discrimination case was settled for $360,000.00.

On November 20, 1986, Cimarron was permitted to amend its pleadings in the instant case to join parties. Cimarron sought a declaration that seven insurance companies had a duty to defend Whitaker and the Bank in the sex discrimination case and to indemnify or contribute to the settlement and the cost of defense. The joined parties were: AID Insurance Services, Fidelity and Deposit Company of Maryland, Hartford Accident and Indemnity Company, Jefferson Insurance Company of New York, Kansas Bankers Surety Company, MGIC Indemnity Corporation, and St. Paul Fire and Marine Company. Later, AMBAC Indemnity Corporation was substituted for MGIC Corporation, and AMCO Insurance Company was substituted for Aid Insurance Services.

Since that time, motions to dismiss for lack of jurisdiction have been filed; summary judgment motions have been filed; Allstate has filed a motion to dismiss its complaint; and numerous discovery motions have been filed. The case has consumed fifteen files with 458 docket entries.

Cimarron now asks that all of its claims be dismissed without prejudice under FED. R.CIV.P. 41(a)(2). Cimarron contends that dismissal without prejudice will permit a realignment of parties, eliminate the need to consider many pending motions, and enable a more orderly handling of the case. Cimarron also suggests that it would be most inefficient if a lot of work was done in this case only to have the jurisdictional objections sustained. Of course, a dismissal for lack of subject matter jurisdiction would not bar the refiling of the case in another forum.

The original parties to this action do not oppose Cimarron's motion. The motion is opposed by several of the insurance companies who were joined by Cimarron in this case. These parties ask that the motion be denied or that severe conditions be placed upon the relief requested by Cimarron. Some of these parties filed motions assert-

ing an absence of jurisdiction. At this point, however, these parties seem to be asking the court to ignore their jurisdictional arguments and decide the merits of the case.

▮▮▮ FED.R.CIV.P. 41(a)(2) permits this court to dismiss claims without prejudice "upon such terms and conditions as the court deems proper." After an answer or a motion for summary judgment is filed, a complaint cannot be dismissed without prejudice unless the court so orders. The main purpose of requiring an order from the court before a party may dismiss a claim is to prevent unfair prejudice to the parties opposing the claim. 9 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2364 (1971). Generally, motions under FED.R.CIV.P. 41(a)(2) should be allowed unless the opposition will suffer some plain legal prejudice other than the prospect of a second lawsuit. *Id.* The mere fact that a party gains some tactical advantage from dismissing the action without prejudice generally does not warrant denying the motion. *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir.1986). Of course, the court has the discretion to place conditions upon a dismissal without prejudice in order to mitigate any prejudice which might be suffered if the action is refiled.

The Eighth Circuit recently listed factors other courts have considered in deciding motions under FED.R.CIV.P. 41(a)(2):

In *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969), the court identified the following factors to be considered in deciding a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. In *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir.1974), the Third Circuit identified other types of prejudice which might support the denial of a motion for voluntary dismissal: (1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) the prejudice resulting from uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987).

▮▮ In the case at bar, a serious jurisdictional issue exists which provides a justification for dismissal without prejudice. Diversity jurisdiction was present for the original complaint in this case. Diversity does not exist among all the parties to the ancillary claims brought by Cimarron. For instance, both Cimarron and Kansas Bankers Surety are corporations with their principal place of business in this state. Diversity is also lacking between Cimarron and the original defendants. In *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Court held that a plaintiff could not amend a complaint to bring a related, but not dependent, state law claim against a nondiverse party who had been added to the case previously as a third-party defendant. It is arguable that *Kroger* is precedent for rejecting jurisdiction over Cimarron's claims in this case. Cimarron's claim against Allstate may be dependent upon the resolution of Allstate's complaint. But the claims against the other insurance companies and the original defendants, while related, are not dependent upon the resolution of the main controversy. This court has rejected a somewhat similar argument in *King Fisher Marine Service, Inc. v. Hanson Development Company*, Case No. T–5258 (D.Kan., unpublished, 9/4/87), where independent ancillary claims between nondiverse parties were tied to a dependent indemnity claim. But, the court's ruling is on appeal. Furthermore, this case presents a harder issue because, as to Kansas Bankers Surety, there is no apparent federal jurisdictional tie. Thus, Kansas Bankers Surety appears to be purely a pendent party to this case. In addition, unlike the *King Fisher* case, there is no dependent claim by Cimarron against the other insurance companies. Yet, all the claims by Cimarron against other insur-

ance companies are similar and could be efficiently resolved in one case.

In short, the jurisdictional issues in this case present a justification for granting the motion to dismiss without prejudice. It would not be efficient to decide the many outstanding issues in this case and then have an appeals court hold that subject matter jurisdiction was lacking.

This case has been pending for years now. Summary judgment motions have been filed. These are factors which tend against granting Cimarron's motion. But they are not conclusive. See *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54 (7th Cir.1980). Cimarron has not been charged with being dilatory. Nor is discovery complete in this case. Indeed, only documentary discovery has been initiated. Trial is not imminent.

This is a close question, but the court believes this case has not progressed so far that Cimarron's motion to dismiss should be denied. A large amount of the time and expense incurred so far by Cimarron's opponents will not have been in vain if this case is refiled. Moreover, those expenses which would not have accrued had this case proceeded originally in state court can be reimbursed by making the payment of such expenses a condition for refiling this action.

Several conditions to dismissal without prejudice have been proposed by Cimarron's opponents. Cimarron has agreed that discovery conducted in this case may be used if the case is refiled. Cimarron has also agreed to pay court costs. Other conditions which have been suggested are: that the court rule on pending summary judgment and discovery motions; that Cimarron pay attorneys' fees; and that any subsequent action be filed in Shawnee or Johnson County.

In addition to the conditions already agreed to by Cimarron, the court shall direct that Cimarron pay fees associated with the motions to dismiss. The work related to these motions is work which would not be useful if the case is refiled in state court. We cannot say the same for the work on the other motions in this case. We reject the argument that the summary judgment motions are so specially crafted for federal court that the work would not be of substantial benefit if this case is refiled in state court. Deciding the summary judgment motions or the discovery motions would not serve a practical purpose given the jurisdictional uncertainty present in this case. Deciding the motions could also present an awkward situation for the judge in charge of future litigation. Finally, the court shall not place any condition upon the venue of subsequent litigation. The court has no reason to believe that forum-shopping would lead to unfairness.

Kansas Bankers Surety Company has argued that the court should decide its motion for sanctions before granting a motion to dismiss without prejudice. The court agrees. However, after examining the pleadings, the court does not believe the law is so clear that a reasonable argument could not be made in good faith for a greater exposure to defense costs than the $25,000 already paid by Kansas Bankers Surety. Therefore, the motion for sanctions shall be denied.

In conclusion, the motion for sanctions by the Kansas Bankers Surety Company is denied. The court shall grant Cimarron's motion to dismiss without prejudice on the condition that should Cimarron refile its complaint: discovery conducted in this case will be used in the refiled case; Cimarron will reimburse defendants for the court costs of this action; and Cimarron will pay the fees related to the motions to dismiss filed in this case. Affidavits documenting fees and costs should be filed within ten days of this order. Cimarron is granted ten days to contest the reasonableness of the affidavits and to inform the court whether or not it accepts the conditions placed upon a dismissal without prejudice.

IT IS SO ORDERED.