**Ralph S. MAJOR, Jr., Plaintiff,**

v.

**Robert MYSLIWIEC et al., Defendants–
Counterclaimants.**

**Civ.Action No. 3:97–CV–307RM.**

United States District Court,
N.D. Indiana,
South Bend Division.

April 16, 1999.

William C. Potter, II, Henry J. Price, Audrey M. Bougard, Price Potter and Mellowitz, Indianapolis, IN, for plaintiff.

Robert W. Mysliwiec, Jones Obenchain Ford Pankow Lewis & Woods, South Bend IN, Gene M. Jones, Martin W. Kus, Newby Lewis Kaminski and Jones, LaPorte, IN, for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This case is set for trial on the defendants' counterclaim on May 17. Because the counterclaim is all that remains in the case, the court realigned the parties for trial, making the defendants the plaintiffs, and making the original plaintiff, Ralph Major, the defendant. The realigned plaintiffs (to whom the court will refer as "Jones Obenchain" in this opinion) have asked to dismiss their counterclaim without prejudice pursuant to Fed.R.Civ.P. 41(a)(2); Mr. Major objects. For the reasons that follow, the court grants the dismissal motion. The previous orders in this case, with which the court presumes the reader is familiar, set forth the facts giving rise to this case.

■ The parties agree that the standard by which the court is to judge the motion for voluntarily dismissal is that set forth in *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969), and that the court should consider Mr. Major's effort and expense of preparing for trial, excessive delay and lack of diligence on Jones Obenchain's part, insufficient explanation of the need for the dismissal, and whether the movant's adversary had filed a summary judgment motion. The parties refer the court to no other legal standards, so the court considers none.

■ None of those factors counsel against a voluntary dismissal. Though Mr. Major may not have engaged in discovery, the court is confident that he had devoted considerable resources to trial preparation, as he reports. As things stand now, though, he is preparing for one of what would be two trials, because the same issues pend in Indiana's Marshall Circuit Court, the site of the case in which Jones Obenchain represented Mr. Major. Trial in this court is a month away, and trial in Plymouth two months beyond that; it seems unlikely that very much of Mr. Major's preparation for the federal trial would be wasted were the remaining federal claim

dismissed, and everyone's attention focused entirely on the state trial.

The court perceives no excessive delay and/or lack of diligence in Jones Obenchain's prosecution of this action. Each side sought extensions of time (indeed, they once did so jointly) in the case's early months; eight months after filing their counterclaim, Jones Obenchain served their proposed statement of undisputed fact; their summary judgment motion was filed in a timely manner in August 1998. Nine days after the court decided the summary judgment motion on December 8, Jones Obenchain filed a timely motion to clarify and reconsider; seven days after that motion was denied, Jones Obenchain filed their motion for abstention, certification or interlocutory appeal. Later in February, Jones Obenchain participated in a settlement conference that proved unsuccessful and in a state court hearing that led to the state judge's recusal; less than four weeks later, Jones Obenchain filed this motion for voluntary dismissal. The court discerns little inactivity or dilatoriness on Jones Obenchain's part.

Mr. Major's argument on delay looks to the time from the filing of the counterclaim (July 1997) to the summary judgment ruling (December 1998) to the dismissal motion (March 1999). The court does not believe that amounts to evidence of delay of the sort that should counsel against voluntary dismissal. Mr. Major, not Jones Obenchain, filed this federal suit while the state court action was pending; Federal Rule of Civil Procedure 13(a) required Jones Obenchain to bring their counterclaim (which arose from the same transaction that gave rise to the complaint) or waive it. Until December 8, 1998, Jones Obenchain had no choice as to whether to press their claim in federal court; Mr. Major placed it here, and Jones Obenchain could not dismiss and proceed in state court.

The proper focus, then, is on the 104 days from December 8 (when Jones Obenchain first had the option of dismissing without prejudice) to March 22 (when Jones Obenchain filed the motion). Until February 5, the court was considering motions in which Jones Obenchain tried to get the court to

think better of its December 8 ruling. Delay can hardly be found from February 5 to the February 23 settlement conference that might have resolved this case and the state case. That leaves 26 days on which Jones Obenchain might have, but did not, move to dismiss. That cannot be described as undue delay or dilatory conduct.[1]

The third factor examines the need for the proposed dismissal. Mr. Major argues that Jones Obenchain has not identified such a reason, but the court believes the reason is apparent from the facts identified in the papers: Jones Obenchain faces the near-certainty of two trials (and the possibility of conflicting decisions) on their claim against Mr. Major for attorney fees. If only one court is to try the issue, it seems sensible that it be tried by the court with control over the funds from which the fees will be paid.

The final factor—whether the movant's opponent has filed a summary judgment motion—illustrates how unusual a case this is. Here, the movant filed the summary judgment motion, and, for the most part, won: the court found Jones Obenchain entitled to judgment as a matter of law on Mr. Major's claims. Still, Mr. Major believes that Jones Obenchain is trying to avert an unfavorable summary judgment ruling (or more accurately, the unfavorable part of the summary judgment ruling). This court ruled that the contingent fee contract was invalid, and that Jones Obenchain's recovery lies in quantum meruit rather than contract, and Mr. Major appears to believe that if the case shifts in its entirety to the state court, that ruling would be in jeopardy.

Mr. Major might be right; the state court might revisit this court's ruling. The ruling is not a final judgment (Mr. Major opposed Jones Obenchain's request that it be certified for appeal), and so the court would not expect any Indiana rule on claim preclusion to require the Marshall Circuit Court to honor the ruling. Of course, a denial of summary judgment is interlocutory even in the court in which it was issued, see *Allahar v. Zahora,* 59 F.3d 693 (7th Cir.1995); *Watson v. Amed-* co *Steel, Inc.,* 29 F.3d 274 (7th Cir.1994), and so would be subject to being revisited in this court, as well. The possibility also exists that the state court would reach its own conclusion independent of the summary judgment ruling were this case not dismissed, and order disbursement of the funds in accordance with its own ruling.

Analysis of such matters would differ had Mr. Major invoked this court's jurisdiction to resolve the issue that remains in this court. The federal courts have an "unflagging obligation" to exercise their jurisdiction when that jurisdiction is invoked, except in those rare instances in which some form of abstention is proper, *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), but Mr. Major did not invoke the court's jurisdiction to resolve the Jones Obenchain counterclaim. Mr. Major does not argue any entitlement to a federal forum for the state law counterclaim; he argues only that the court should not countenance Jones Obenchain's scheme to evade the court's summary judgment ruling.

This court would not expect that the Marshall Circuit Court would lightly disregard this court's December 8 analysis, but neither would this court expect the Marshall Circuit Court to consider itself bound by the December 8 analysis when it conducts its own trial on Jones Obenchain's fee claim. If two suits remain with respect to the same subject matter, then, there is no assurance that the December 8 reasoning will prevail. If only one suit remains, there is at least assurance that inconsistent rulings will not ensue.

■ Rule 41(a)(2) directs dismissal only on such terms and conditions as the court deems proper; when dismissals without prejudice are ordered over objection, such terms commonly include the movant's payment of the other party's costs. *See, e.g., United States v. Outboard Marine Corp.,* 104 F.R.D. 405, 413 (N.D.Ill.1984), *aff'd* 789 F.2d 497 (7th Cir.1986). For the reasons set forth

---

1. This discussion does not address, for two reasons, Jones Obenchain's assertion that they had agreed with Mr. Major (before this court's summary judgment ruling) to allow the state court to resolve the attorney fee issue. First, that factual assertion first appears in the reply brief, so Mr. Major had no opportunity to respond. Second, in light of the court's resolution of the pending motion, it is unnecessary to address the assertion.

above, after a review of all of the factors identified in *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969), the court concludes that the voluntary dismissal of the counterclaim without prejudice is proper, within the meaning of Rule 41(a)(2). Recognizing that Mr. Major brought this suit and that the court granted summary judgment on his complaint, the court believes the proper course is to order that each party bear its own costs.

Accordingly, the court GRANTS the motion for voluntary dismissal of the counterclaim (filed March 22, 1999), DISMISSES the defendants' counterclaim WITHOUT PREJUDICE, and DIRECTS the clerk to enter judgment for the defendants and against the plaintiff on the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 58. Each party shall bear its own costs. The court further DENIES AS MOOT the motion (filed by Jones Obenchain on April 9, 1999) for pretrial conference and order concerning expert reports, and VACATES the May 11 final pretrial conference and May 17 trial.

SO ORDERED.