**Michael BOYD,**

v.

**RHODE ISLAND DEPARTMENT OF CORRECTIONS, et al.**

No. C.A. 00–86T.

United States District Court,
D. Rhode Island.

Aug. 9, 2001.

Michael Douglas Boyd, Newport, RI, pro se.

Paul S. Mancini, Department of Corrections, Cranston, RI, Jay M. Elias, Rebecca N. Warr, Tate & Elias, P.C., Inc., Providence, RI, Anne T. Turilli, Attorney General's Office, Providence, RI, Seth E. Bowerman, Bowerman & Taylor Guertin, Providence, RI, for defendants.

TORRES, Chief Judge.

Accepted in the absence of an objection.

### Report and Recommendation

HAGOPIAN, United States Magistrate Judge.

The *pro se* plaintiff, Michael Boyd, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff names as defendants Dr. Tejisha Bansal, Dr. William Chang, Joseph Marocco, Dr. Anne Spaulding, George Vose, Marim Brown, Lorrane Ware, Dr. Timothy Flannigan, Jake Gadsden, Lt. Marco, Todd Amaral, Lt. Meurnier, Carole Dwyer, and Stephen Molker.

Currently before the Court is the plaintiff's motion to withdraw his Complaint without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The defendants have objected thereto. For the reasons that follow, I recommend that the plaintiff's motion be denied.

### Background

The plaintiff, Michael Boyd, an inmate confined at the Adult Correctional Institution ("ACI"), in Cranston, Rhode Island, filed a Complaint on February 25, 2000, alleging constitutional violations following alleged improper medical care and irregularities with disciplinary proceedings. During the past year and a half that this case has been pending, the plaintiff amended his complaint, filed three "supplemental" complaints, filed

numerous motions and filed numerous objections to the defendants' motion. Similarly, the defendants promptly filed answers, objections, and their own motions.

The Court thereafter dismissed from this action, pursuant to Fed.R.Civ.P. 12(c), defendants Marocco, Brown, Ware, Gadsden, Dwyer, Muerner, Amaral, Marco, and Mokler. Dispositive motions remain pending with respect to defendants Flannigan and Spaulding.

Now, one and a half years following the commencement of this action, after numerous motions filed by both parties, and after significant resources have been expended on this action, plaintiff seeks to withdraw his Complaint, without prejudice, pursuant to Federal Rules of Civil Procedure Rule 41(a)(2). The defendants have opposed the motion.

### Discussion

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The purpose of Rule 41(a)(2) is to "permit the plaintiff, with [the] approval of the court, voluntarily to dismiss an action as long as 'no other party will be prejudiced.'" *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir.2000) (*quoting Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir.1981)). Judicial approval is needed to assure the nonmovant will not be unfairly treated. *Id.* (*quoting Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994)). "The district court is responsible under the rule for exercising its discretion to ensure that such prejudice will not occur." *Id.*, (*citing Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.1961)).

■ "In deciding whether to grant a Rule 41(a)(2) motion, courts can typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for

the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Id.* (*quoting Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)). However, courts need not analyze each factor or be limited by these factors. *Id.* They are "'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Id.* (*quoting Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)). Thus, when courts consider whether to grant or deny a Rule 41(a)(2) motion "the very concept of discretion presupposes a zone of choice within which the trial courts may go either way." *Id.* (*quoting Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir.1984)).

■ Plaintiff brought this § 1983 action on February 25, 2000, alleging a deprivation of his rights under the Eighth and Fourteenth Amendments. Plaintiff named fourteen defendants, all of whom are present or past employees of the ACI. Thus far, the plaintiff has amended his original complaint and he has filed three supplemental complaints. Plaintiff has also filed numerous motions. Likewise, the defendants have been equally active in this litigation by filing numerous motions and objections. The list of proceedings on the Court's docket sheet runs eleven pages and has eighty-five entries. *See* Docket Sheet. Following the flurry of motions, only four defendants remain: George Vose, Timothy Flannigan, M.D., Anne Spaulding, M.D. and William Chang, M.D.

Plaintiff now wants the action dismissed, so he can bring the same action, with the same issues, at a later date. Plaintiff asserts in a letter to the court[1] that the reason he has now moved for dismissal without prejudice is because he "never had a chance to present [his] case like it should have been, and [he] wont [sic] be able to do so while [he is] in prison...." He further complains that "[t]he defendants have all kinds of attorneys helping them" and that when he is released from the ACI he will be able to hire a lawyer and will be in a better position to prosecute his case.

---

1. The letter, dated April 5, 2001, is a handwritten reply to defendants' objection to plaintiff's Rule 41(a)(2) motion.

Here, nine defendants have already been dismissed from this action. Of the four remaining defendants, two have dispositive motions pending. Moreover, all of defendants have expended a great deal of time and resources defending against this action. To permit the plaintiff to withdraw his Complaint, without prejudice, and re-litigate the same issues at a later date would be grossly unfair to the defendants. Accordingly, the plaintiff's motion to withdraw his Complaint, without prejudice, should be denied. I so recommend.

### Conclusion

For the reasons stated above, I recommend that the plaintiff's motion to withdraw his Complaint without prejudice be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *See United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).