**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**VIVIAN L. MEDINILLA**
Judge

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

December 22, 2020

Timothy E. Lengkeek, Esquire
1000 North King Street
Wilmington, DE 19801

Christopher Viceconte, Esquire
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Lisa C. McLaughlin, Esquire
1200 North Broom Street
Wilmington, DE 19806

Re: *Crystian Ramirez, Individually, and as Representative of the Estate of Karla Arteaga, et al vs. Cooper Tire & Rubber Company, et al.*
**C.A. No.: N19C-11-230 VLM**

Dear Counsel:

As discussed following oral arguments on December 17, 2020, for the reasons that follow, Plaintiff's Motion to Dismiss is **GRANTED**, without prejudice, with conditions further outlined below.

## I. Factual and Procedural Background

On November 22, 2017, surviving Plaintiff was involved in a serious motor vehicle accident in Sumter County, Alabama that resulted in the death of his ten-year-old daughter and her grandmother. The accident allegedly occurred when the passenger-side rear tire of the 2004 Chevrolet Colorado failed and caused the driver to lose control of the vehicle and the vehicle to roll over. He brings his claims individually and on their behalf.

The tire that allegedly failed was designed, manufactured, and sold by Cooper Tire & Rubber Company (Defendant). General Motors (GM) has assumed responsibility and liability for any claims arising from defects from the 2004

Chevrolet Colorado. Nearly two years after the accident, Plaintiffs retained counsel to pursue any potential claims. With the Statute of Limitations fast approaching, Plaintiffs' counsel filed this current action in Delaware on November 19, 2020, against Defendant and GM.

In 2020, Covid-19 hit. Though cases proceeded, they did so slowly. Following a scheduling conference with this Court on July 28, 2020, Plaintiffs' counsel learned in August that the tire at the subject of the suit was manufactured in Georgia, and that their vehicle was marketed/sold in Georgia.

Though counsel engaged in a Meet and Confer after August 2020, Plaintiffs did not notify Defendant or GM of their intent to file this litigation in Georgia. Instead, Defendant propounded discovery and the parties focused on reaching an agreement related to the protocol for their experts' inspections of the tire. Unable to agree or obtain the requested materials, Defendant filed a Motion to Compel Private Custodial Testing and Inspection of Tire and Wheel Evidence on October 13. On October 27, Defendant filed two additional Motions to Compel further responses to interrogatories and requests for production of documents.

Oral argument was set for November 10, 2020, on the three motions. After Plaintiffs failed to respond, the Court extended a courtesy call on November 6, at which time Plaintiffs indicated via email that because they intended to voluntarily dismiss this action without prejudice, no response would be forthcoming, and no hearing would be required. Defendant objected to Plaintiffs' response and requested the Court rule on its motions.

On November 10, this Court conducted a hearing on Defendant's Motions to Compel where Plaintiffs again presented their desire to dismiss the Delaware action in order to file in Georgia. Defendant again opposed Plaintiffs' position in the absence of a formal application and asked this Court to grant the three Motions to Compel, as unopposed. The Court stayed its decision on Defendant's Motions to Compel in light of Plaintiff's representations and requested Plaintiffs follow procedural protocol. On November 17, 2020, Plaintiffs filed this Motion to Dismiss without prejudice. On December 11, 2020, Defendant responded in opposition. That same day GM also responded stating it took no position on the matter. Oral arguments were heard on December 17. The matter is ripe for review.

## II.    Standard of Review

Under Superior Court Rule 41, "an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper."[1]  The decision to grant the motion is left to the sound discretion of the Court.[2]  In exercising its discretion, the Court must act in a way as to "secure substantial justice to both parties."[3]  To defeat a motion, a defendant must show "plain legal prejudice."[4]  "It is not a bar to a court-granted dismissal that the plaintiff may obtain some tactical advantage thereby."[5]

## III.    Party Contentions

Plaintiffs argue that dismissal will not cause Defendant or GM to suffer plain legal prejudice,[6] where efforts and expenses will not be wasted,[7] the suit is relatively young,[8] and there exists a reasonable reason for requesting dismissal.[9]  During oral arguments, it became clear to the Court that Defendant does not argue it will suffer plain legal prejudice if the Court grants dismissal.  Rather, it seeks an award of attorney fees and costs it claims were avoidable or will be duplicative because of Plaintiffs' delay in prosecuting the claims or notifying its intent to file in Georgia.[10]  In addition, it seeks certain conditions should the Court grant the relief sought.[11]  GM takes no position in the matter, disputing only Plaintiffs' representations of certain case law regarding jurisdiction.[12]

---

[1] DEL. SUPER. CT. CIV. R. 41(a)(2).

[2] *In re Marriott Hotel Props. II Ltd. P'ship Unitholders Litig.*, 1997 WL 589028, at *6 (Del. Ch. Sept. 17, 1997).

[3] *Id.* (quoting *Draper v. Gardner Defined Plan Trust*, 625 A.2d, 859, 863 (Del. 1993)) (internal quotations omitted).

[4] *Draper*, 625 A.2d at 863.

[5] *In re Marriot Hotel Props. II*, 1997 WL 589028, at *6.

[6] Plaintiffs Motion to Dismiss, D.I. 62, at 6 [hereinafter Plaintiffs' Motion].

[7] *Id.*

[8] *Id.* at 7.

[9] *Id.* at 8.

[10] Defendant's Response in Opposition to Plaintiff's Motion to Dismiss, D.I. 69, at 3 [hereinafter Defendant's Response].

[11] *Id.* at 7.

[12] *See* GM's Response to Plaintiff's Motion to Dismiss, D.I. 70.

## IV.    Discussion

When considering whether plain legal prejudice would occur to a defendant by the granting of a motion to voluntarily dismiss an action, a Court should look to a number of factors.[13]  These factors include:

> (1) the defendants' effort and expense in preparation for trial;
> (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;
> (3) insufficient explanation for the need to take a dismissal; and
> (4) the fact that a motion for summary judgment has been filed by the defendant.[14]

Here, the fourth factor is not implicated and where Defendant conceded during oral argument that it likely cannot establish plain legal prejudice, the Court conducts the analysis only because it serves to determine what, if any, award or conditions may be imposed should the Court grant the requested relief.

### A.    Defendant's Effort and Expense

Defendant claims it has invested a substantial amount of time and effort which will be wasted by dismissal.[15]  This is not so.  The action was filed in November of 2019 and Defendant has expended the usual time and effort in both written discovery and subpoenaing third-party records.[16]  It has filed three Motions to Compel,[17] and fifteen different record subpoenas in three different states, four of which are still outstanding.[18]  Though the parties are in the discovery process, such engagement in motion practice and routine discovery is not enough to show plain legal prejudice.[19] Where Plaintiff concedes the discoverable materials may be used in Georgia, Defendant has not shown that its expense and efforts have been "wasted" in obtaining the discovery.[20]  Therefore, this factor weighs in favor of granting Plaintiffs' Motion.

---

[13] *Draper*, 625 A.2d at 863-64.

[14] *Id.* at 864 (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

[15] Plaintiffs' Motion, at 6.

[16] Defendant's Response, at 5-6.

[17] *Id.* at 5.

[18] *Id.* at 6-7.

[19] *See In re Marriott Hotel Props II*, 1997 WL 589028, at *7; *Draper*, 625 A.2d at 864.

[20] *See In re Marriott Hotel Props II*, 1997 WL 589028, at *7 ("[D]efendants must show that they have invested a substantial amount of time and effort which will be wasted by a dismissal . . . .").

## B.    Excessive Delay and Lack of Diligence

Much ado was presented regarding alleged delays and Plaintiffs' justification for how it has proceeded to prosecute its claims to date.[21]  The record establishes Plaintiffs filed suit within days of retaining counsel, actively tracked down records necessary to ascertain ownership and service history of the tire/vehicle at issue, and the parties have worked through an initial round of discovery and joint inspection of the vehicle.[22]

Though the parties disagree as to how they went about obtaining the vehicle/tire history, this Court need not reconcile these issues.  There is nothing in the record to suggest Plaintiffs failed to move the case forward.  That Defendants may have proceeded differently does not establish that Plaintiffs were dilatory.  This case is approximately one year old, in infancy stages in an unprecedented year.  Where the impact of COVID-19 has caused across-the-board delays and obstacles to most judicial proceedings, any delay here in obtaining records or a tire number will not be charged against Plaintiffs.  As such, this factor weighs in favor of granting the motion.

## C.    Reasonable Explanation for Dismissal

In deciding whether Plaintiffs' explanation is reasonable, Courts look to see whether a plaintiff is seeking to avoid an adverse trial result and whether all jurisdictional factors were known at the time of filing.[23]  When suit was filed in Delaware, factors such as where the 2004 Chevy had been sold, manufactured, or serviced were unknown.  Due to the condition and placement of the tire, similar factors were also not immediately available to Plaintiffs.  With light shed on the vehicle/tire, all roads lead to Georgia.  Since the only pending matters are Defendant's two non-dispositive and unopposed motions to compel discovery, it is clear that Plaintiffs are not seeking to avoid an adverse trial result.  In addition, Plaintiffs reached an agreement as to the third motion.  This factor weighs in favor of granting the motion.

## D.    Plaintiffs' Delay in Filing the Dismissal Motion

Defendant's final argument against dismissal focuses on Plaintiffs' failure to notify Defendant in August 2020 of its intent to remove the case to Georgia, instead

---

[21] Plaintiffs' Motion, at 7-8.

[22] *Id.*

[23] *In re Walt Disney Co. Derivative Litig.*, 1997 WL 118402, at *4 (Del. Ch. Mar. 13, 1997); *AT&T Wireless Servs., Inc. v. Fed. Ins. Co.*, 2005 WL 2155695, at *4 (Del. Super. Aug. 18, 2005).

proceeding with the Delaware litigation and waiting until November to raise the issue before the Court.[24]

The Court accepts Plaintiffs' explanation that in August and the months that followed, counsel did not take a position until they determines the legal significance of Georgia's relevance to their litigation, and the procedural mechanism required to remove the case from here to Georgia.[25]

After consideration of the aforementioned factors, the Court finds that Plaintiffs have established a basis for dismissal. Under Superior Court Rule 41, the Court may condition dismissal on such terms and conditions as it deems appropriate.[26]

Accordingly, Plaintiff's Motion to Dismiss is **GRANTED, without prejudice with the following conditions:**

> (1)     Attorney fees and costs: Within 30 days of this Order, Defendant shall submit an affidavit to the Court containing fees and costs it considers duplicative and/or necessitated by Plaintiffs' alleged delay in filing their Motion to Dismiss. Upon submission from Defendant, the Court will consider whether an award is appropriate based on what has already been presented on the record. No further argument is required.
>
> (2)     Outstanding Motions to Compel: Where the parties have reached an agreement as to Defendant's Motion to Compel Private Custodial Testing and Inspection of Tire and Wheel Evidence, this motion is **MOOT**. As to the other two pending motions regarding production of documents and responses to interrogatories, the Motions to Compel are **GRANTED**, as unopposed.
>
> (3)     Postponement of dismissal: Dismissal shall be postponed until there is full compliance as to Defendant's four remaining outstanding subpoenas. Defendant will notify the Court upon receipt of the subpoenaed materials at which time Plaintiffs will file a form of Order to effectively voluntarily dismiss its claims in Delaware, without prejudice.

---

[24] Defendant's Response, at 4.

[25] The Court also accepts Plaintiff's counsel's explanation during oral arguments on November 10, 2020, that he had been occupied with the 2020 Presidential Election in his home state, which had consumed much of his time.

[26] DEL. SUPER. CT. CIV. R. 41(a)(2).

(4) Discovery materials: Any discovery material obtained in Delaware shall be available to Defendant or GM in Georgia, absent any statutory or evidentiary provisions prohibiting such use under Georgia law.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla_____
Vivian L. Medinilla
Judge