STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-23-54

CONTINENTAL WESTERN
INSURANCE CO.,

   Plaintiff,

  v.

HANOVER INSURANCE CO.,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON PLAINTIFF'S MOTION TO DISMISS**

Before the Court is Plaintiff Continental Western Insurance Co. ("Continental")'s Motion to Dismiss without Prejudice and Without Costs. Continental seeks dismissal without prejudice of its Complaint and Request for Declaratory Judgment against Defendant Hanover Insurance Co. ("Hanover") pursuant to M.R. Civ. P. 41(a)(2). Hanover objects to this Motion and requests the Court deny the Motion and decide its Motion for Summary Judgment in due course. For the reasons discussed below, Continental's motion is GRANTED.

## I. Facts

Continental commenced this action for declaratory judgment on the duty to defend and for contribution against Hanover on February 8, 2023. (Compl.) Both Continental and Hanover have provided commercial general liability insurance to O'Hara Corporation d/b/a Journey's End Marina ("Journey's End"). (Compl. ¶¶ 3-4.) Continental insured Journey's End from 2016 through

REC'D CUMB CLERKS OFC
SEP 28 '23 PM2:04

2018 and Hanover insured Journey's End from 2019 through 2021. (Compl. ¶¶ 3-4.) On July 31, 2020, Journey's End filed a complaint in the Rockland District Court against David McMahan ("McMahan") for unpaid invoices for work Journey's End performed on McMahan's lobster fishing vessel, "Provider." (Compl. ¶¶ 5-8.) McMahan removed the case to Knox County Superior Court and filed a counterclaim against Journey's End asserting several claims for installing an allegedly faulty valve in Provider's exhaust system resulting in damage and inability to fish to earn a living. (Compl. ¶¶ 9-14.)

Journey's End tendered the defense of McMahan's counterclaim to both Continental and Hanover. (Compl. ¶ 15.) Continental agreed to defend Journey's End against the counterclaim under a reservation of rights and Hanover denied defense and indemnity. (Compl. ¶¶ 16-17.) Continental claims that Journey's End performed work on Provider's exhaust system, which is what McMahan claims is defective, during 2019 while Hanover was the insurer for Journey's End. (Compl. ¶¶ 19-21.) Journey's End also serviced Provider in 2016, while Continental insured Journey's End. (Compl. ¶ 11.) The underlying litigation between Journey's End and McMahan is ongoing, and Continental has been paying for the entirety of the costs of defending McMahan's counterclaim. (Compl. 22.) Continental seeks declaratory judgment on whether Hanover owes a defense to Journey's End and should contribute to the defense and seeks contribution from Hanover for the defense. (Compl. ¶¶ 25-30.) Hanover denies that it owes Journey's End a duty to defend. (Answer ¶ 25.)

2

Hanover filed its answer to the Complaint on February 13, 2023. (Answer.) On the same day, Hanover issued a short set of document requests to Continental. (Def.'s Opp'n Pl.'s Mot. Dismiss ("Opp'n") 1.) Continental provided responses on April 5, 2023. (Opp'n 1.) The parties then developed a plan to file simultaneous motions for summary judgment on a stipulated or partially stipulated record. (Opp'n 1-2.) Pursuant to this plan, Hanover prepared a draft motion for summary judgment which was substantially completed by the end of May 2023. (Opp'n 2.) In early June, Continental asked Hanover to agree to its Motion to Dismiss without Prejudice, but Hanover refused to agree due to the work it had already undertaken on its motion for summary judgment. (Opp'n 2.) Continental filed this Motion on June 22, 2023, and it was docketed on June 26, 2023. (Opp'n 2; Mot. Dismiss.) Hanover filed its Motion for Summary Judgment on June 23, 2023 and it was docketed on the same day. (Opp'n 2; Mot. Summ. J.)

## II. Discussion

A plaintiff may dismiss their suit without the court's permission if the adverse party has not yet served an answer or a motion for summary judgment, or if all parties that have appeared in the action have signed a stipulation of dismissal. M.R. Civ. P. 41(a)(1). Here, where Hanover has served both an answer and a motion for summary judgment and has declined to stipulate to dismissal, Continental's action cannot be dismissed on its own instance "save upon order of the court and upon such terms and conditions as the court deems proper." M.R. Civ. P. 41(a)(2).

3

The Superior Court (Oxford County, *McKeon, J.*) has observed that there does not appear to be "any case law providing significant guidance on when a court should grant a Rule 41[ ]motion to dismiss without prejudice." *US Bank, NA v. Am. Home Mortg.*, No. CV-19-34, 2020 WL 9256602, at *1 (Me. Super. Ct. Mar. 2, 2020). When a Maine Rule of Civil Procedure is substantially similar to the comparable federal rule, constructions and comments on the federal rule provide appropriate aids in construing the Maine rule. *Bean v. Cummings*, 2008 ME 18, ¶ 11, 939 A.2d 676 (quoting *Me. Cent. R.R. Co. v. Bangor & Aroostook R.R. Co.*, 395 A.2d 1107, 1114 (Me. 1978)).

Maine Rule of Civil Procedure 41(a)(2) is substantially similar to Federal Rule of Civil Procedure 41(a)(2). *Compare* M.R. Civ. P. 41(a)(2), *with* Fed. R. Civ. P. 41(a)(2). The First Circuit has articulated four factors to consider when deciding on a motion under Rule 41(a)(2): "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). Courts need not consider each factor or limit the consideration to these factors exclusively. *Id.* This Court focuses its analysis on the amount of prejudice to the defendant, bearing in mind that the mere prospect of facing a second lawsuit is not "'plain legal prejudice.'" *Id.* (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)); *US Bank, NA*, 2020 WL 9256602, at *1.

4

As to the first *Urohealth* factor, the Court observes that although Hanover has prepared and filed a motion for summary judgment, the motion did not require considerable effort or expense to prepare when compared to summary judgment motions involving extensive issues of fact. The issue sought to be decided on summary judgment here is whether Hanover has a duty to defend Journey's End, which is a question of law. *Penney v. Capitol City Transfer, Inc.*, 1998 ME 44, ¶ 4, 707 A.2d 387. The preparations involved exchanging documents and preparing arguments on coverage, but no in-depth discovery or depositions were undertaken. At the time Continental filed this Motion, this matter had only been pending for approximately four months. Hanover's effort and expense in preparing its case for this matter is minimal compared to the defendant in *Urohealth*. *See Urohealth Sys., Inc.*, 216 F.3d at 161 (defendant had invested considerable financial resources, produced numerous documents, deposed several purported experts, and filed several protective orders in response to the plaintiff's conduct).

Under the second factor, the Court does not see any basis for concluding that Continental has delayed the matter from moving forward or did not pursue the matter with diligence, let alone excessive delay or lack of diligence. Under the fourth factor, the court accepts the parties' assertions that there was no race to the court and that there was a miscue between the parties on timing. For this reason, the Court does not weigh heavily the fact that the summary judgment motion was filed after, but docketed before, this Motion.

5

Although it is true that nothing has changed with the underlying litigation between Journey's End and McMahan from the time Continental filed this action, the Court accepts Continental's explanation for filing this Motion. Hanover argues that judicial efficiency would be better served by denying this Motion and deciding on its motion for summary judgment because if it prevails on the duty to defend, this action would be resolved entirely and the Court would not need to reach whether it has a duty to indemnify. Hanover argues that it is better to keep the players on the field, at least until its duty to defend is determined. However, all players are not on the same field. Absent to this action is the insured and McMahan, a potential judgment creditor. Even if this Court determines that Hanover has no duty to defend, Journey's End and McMahan would not necessarily be bound by that determination and the issue may be relitigated later. The interests of judicial efficiency are better served by deciding all coverage issues at a later date once the underlying litigation is completed.

## III. Order

For the reasons discussed above, Continental's Motion to Dismiss Without Prejudice and Without Costs is GRANTED.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

DATED: September 28, 2023

Deborah P. Cashman
Justice, Maine Superior Court

Plaintiff-Matthew Mehalic, Esq.
Defendant-Tracy Hill, Esq.

6

Entered on the Docket: 10/03/2023